# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## FRED T. HARMON V. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY.

January 9, 1939.

Record No. 2007.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Gunter & Gunter, George L. Doughty, Jr.,* and *Jeff F. Walter,* for the plaintiff in error.

*J. Brooks Mapp, Walter L. Clark* and *Clater W. Smith,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The Farm Bureau Mutual Automobile Insurance Company, which will be referred to later as the insurance company, issued a policy, commonly known as liability insurance, to Fred T. Harmon on a Ford truck owned by him. The policy was issued on May 17, 1933. The truck was in a collision with an automobile owned and operated by the Webb Packing Company on one of the highways of the State of Delaware. A report of the accident was made to the nearest agent of the insurance company, who caused an investigation of the accident. Actions at law were brought by the Webb Packing Company and Millard C. Watson against Fred T. Harmon and Forest L. Harmon, trading as Fred T. Harmon and Brother, for the damages sustained by reason of the collision. The processes were served upon them in October, 1934, but these were not sent to the insurance company. Judgments were recovered against Fred T. Harmon and Forest Harmon, trading as Fred T. Harmon and Brother, in January, 1935.

On June 9, 1937, the Superior Court of the State of Delaware for Newcastle county ordered the judgments which had theretofore been rendered to be vacated. Previous to the vacating order, the judgments had been made the basis for a suit by the Webb Packing Company and Watson against

Fred T. Harmon and Forest L. Harmon, trading as Fred T. Harmon and Brother, in the Circuit Court of Accomac county, Virginia. On August 25, 1937, after the judgments were vacated, the same processes that were issued in the Delaware suits were again sent to Fred T. Harmon and Forest L. Harmon, and on August 26, 1937, Fred T. Harmon sent them to the insurance company in Roanoke, Virginia.

The insurance company, upon receipt of the processes, immediately denied liability under the policy on the ground that the following provision had not been complied with: "Upon the occurrence of an accident covered by this policy, involving injuries to persons or damage to the property of others, the assured shall give immediate notice thereof, with the fullest information obtainable at the time, by telephone, telegraph or letter to the home office of the company at Columbus, Ohio, or to the nearest known agent of the company. If any claim is made on account of such accident the assured shall give notice thereof with full particulars. If, thereafter, suit is brought against the assured to enforce such claim, the assured shall immediately forward to the company every summons or every process served upon the assured, and the company will at its own cost defend such suit in the name, and on behalf, of the assured."

Fred T. Harmon and Forest Harmon had been required to defend the suits in Delaware and also in Accomac county, Virginia, and in making their defense they necessarily incurred attorney's fees amounting to $750, which is the sum sought to be recovered in the present proceeding. Fred T. Harmon, who owned the Ford truck and to whom the policy had been issued, filed a notice of motion for judgment against the insurance company claiming that he was entitled to $750, covering the attorney's fees. He claims that under the policy he was entitled to legal services in defending the actions.

The insurance company claims that the assured failed to comply with the quoted provision of the policy in not giving immediate notice of the suits which were brought in Dela-

ware, and that approximately two and a half years elapsed from the time the action was first instituted until the processes were sent by the assured to the insurance company. For these reasons it denied liability and claimed that it was under no obligation to pay attorney's fees.

The policy also carried the following provision: "No action or actions on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall show compliance with all the requirements of this policy * * * ."

The notice of motion discloses that notices of the suits were not given the insurance company in accordance with the provision of the policy.

The insurance company filed a demurrer to the notice of motion which the court below sustained on the ground that the notice of motion disclosed that the quoted provision of the policy had not been complied with.

We are to determine by this writ of error the correctness of the ruling upon the demurrer by the trial court.

The issue to be decided is within very narrow limits. Reduced to its simplest terms it is this: The policy required the assured to send the company immediately "every summons or every process served upon the assured" if suit were brought against him. No action could have been brought on the policy unless this provision had been complied with. Suits were brought against the assured and there elapsed approximately two and a half years before he sent the processes to the insurance company. The assured admits his failure to comply with the requirement but he says the insurance company was not prejudiced by the delay. The insurance company replies that the language of the provision is plain and unambiguous and that the provision is valid. It further claims that it was prejudiced by the assured's delay of two and a half years in sending the processes, in event the court is of opinion that prejudice must be shown.

■ It is perfectly obvious as a matter of law, that the assured's delay of two and a half years in sending the in-

surance company the processes was a clear violation of the policy, regardless of whether the insurance company was prejudiced by the delay. The language used in the quoted provisions could not be made plainer.

There being an entire absence of any question of waiver and the assured having admitted his failure to send the processes to the company as required, the express language found in the policy absolutely defeats him in his attempt to require the insurance company to reimburse him for the attorney's fees.

It is apparent that the provisions in the policy in question are an essential part of the contract of insurance and by the express terms of the policy a failure to comply with its provisions forfeits the right of recovery.

In the case of *Hunter* v. *Hollingsworth,* 165 Va. 583, 183 S. E. 508, 511, we said in quoting from the case of *Yanago* v. *Aetna Life Insurance Co.,* 164 Va. 258, 178 S. E. 904: " 'There are excellent reasons for this provision, but, if the reasons were not good, the situation would not change. Here is a perfectly plain and voluntary contract, and it is not the court's business to make muddy something clear. While immediate does not mean instantaneous, it does here call for notice with reasonable dispatch.'

\*        \*        \*        \*        \*        \*        \*

"Reasonable construction must be given to every lawful contract. A court can no more change one of insurance than it can a negotiable note. That is to say it should not do so. It should not write after 'immediate' something plainly not intended."

Many cases could be referred to, sustaining the principle applied. The following will suffice: *Employers' Liability Assurance Corporation* v. *Perkins,* 169 Md. 269, 181 A. 436; *Lewis* v. *Commercial Casualty Insurance Co.,* 142 Md. 472, 121 A. 259, 28 A. L. R. 1287; *New Jersey Fidelity & Plate Glass Insurance Co.* v. *Love,* 43 F. (2d) 82; *Heller* v. *Standard Accident Insurance Company,* 118 Ohio St. 237, 160 N. E. 707; *Sherwood Ice Co.* v. *United States Casualty Co.,* 40 R. I. 268, 100 A. 572; *Jefferson Realty Co.* v. *Employers'*

*Liability Assurance Corporation,* 149 Ky. 741, 149 S. W. 1011; and also, see A. L. R. note to *Clements* v. *Preferred Accident Insurance Co.,* 41 F. (2d) 470, 76 A. L. R. 17.

The judgment is affirmed.

*Affirmed.*