## Richmond

THE MASON AND DIXON LINES, INC. v. UNITED STATES CASUALTY COMPANY.

June 14, 1957.

Record No. 4663.

Present, All the Justices.

The opinion states the case.

*Archibald A. Campbell* (*Campbell & Campbell*, on brief), for the plaintiff in error.

*James C. Turk* (*Ted Dalton; Dalton, Poff & Turk*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

This action at law was instituted by The Mason and Dixon Lines, Inc. against United States Casualty Company, insurer, under § 38.1-380, Code 1950, and Ralph Cline, insured, and a judgment sought against United States Casualty Company, upon an unpaid judgment theretofore awarded The Mason and Dixon Lines, Inc. against Ralph Cline as a result of a collision between their vehicles.

Cline was not made a party to this appeal and thus the other two parties will be at times referred to as plaintiff and defendant in accordance with their respective positions in the trial court.

Defendant, in its answer and grounds of defense to the motion for judgment, admitted, among other facts, that Cline was involved in a collision with plaintiff's truck on November 22, 1952. Defendant alleged that the policy of insurance it held on Cline's car provided: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable." It was further alleged that the provision was a reasonable and valid condition and was necessary to a proper fulfillment of the contract; that no notice of the collision was given to defendant until May 6, 1953, and that such failure and refusal to give the required notice constituted a breach of the contract which relieved defendant from liability for any sum in addition to the $1,000 paid, there being no policy defense for such amount.

At the conclusion of plaintiff's evidence, defendant moved to strike on the grounds that the evidence did not show that Cline had complied with the terms of the insurance contract and that the evidence was insufficient to support a verdict. Over the objection of plaintiff the court sustained the motion. The jury returned their verdict for defendant and judgment was entered thereon. We granted plaintiff an appeal as to defendant, United States Casualty Company.

Since the trial court struck plaintiff's evidence, its sufficiency to sustain a recovery is challenged and we must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to plaintiff. *Pike* v. *Eubank,* 197 Va. 692, 698, 90 S. E. 2d 821; 7 M. J., Evidence, § 297, p. 693.

The only witness to testify at the trial was Ralph Cline whose evidence is summarized below.

On or before July 18, 1952, Cline went to the offices of Heuser Insurance Agency in Wytheville to purchase liability insurance on

his automobile. He consulted with Fred M. Heuser, manager of the agency, and made application for an assigned risk policy, which included $5,000 for property damage. He paid him the required premium and was told that the insurance was effective immediately. Cline knew that the application had to be sent to Richmond in order to have the policy written. In due course he received the policy executed by defendant, dated July 18, 1952.

While operating his car on November 22, 1952, Cline collided with plaintiff's truck on U. S. Highway 11 in Wythe County and received severe injuries. He sustained a fractured skull, broken cheekbone, broken collarbone, broken nose, broken jawbone, broken ribs, fractured back, broken ankle and his heart was knocked "out of socket." He also received numerous cuts and bruises. He was unconscious for two weeks and remained in the hospital for approximately six weeks. One of his legs was placed in a cast from his knee down and it was not removed until eight weeks after he left the hospital. Cline stated he had headaches and "couldn't keep anything together any length of time."

On January 29, 1953, he appeared before the Trial Justice Court of Wythe County in response to a warrant charging him with reckless driving. After the trial he received a letter from counsel for plaintiff informing him that defendant had no knowledge of the accident. He stated that after receiving this information he went within two days from the date of the trial justice hearing to Heuser's office and reported in detail the accident to him and Heuser "wrote it down." The cast at the time was on his leg and he managed to "wiggle" up the steps to Heuser's office, which was on the second floor.

On cross examination, he was exhibited a letter, dated May 4, 1953, addressed to defendant in New York City, signed Heuser Insurance Agency, Fred M. Heuser. The body of the letter follows:

"Your records will indicate that under date of July 18, 1952, you issued an assigned risk policy in the name of Ralph Cline, of Rural Retreat, Virginia, under policy #AP-042735.

"We have just learned that Mr. Cline was involved in an accident with a Mason & Dixon truck on November 23, 1952, and purportedly Mr. Cline was at fault. The reason that no report was made of this claim heretofore is that Mr. Cline was seriously ill following the accident and confined to the hospital for many weeks.

"It would be appreciated if you would refer this case to your ad-

juster with the request that he give the claim prompt attention and let either our office or Mr. Cline have your advices as to the progress made in this case. Please acknowledge this letter."

When asked if the letter wasn't written at the time he reported the accident, Cline replied "I don't recall it at that time." He was then asked if it was not the approximate time he was there to give Heuser the first information concerning the accident. His response was "I think that is a little far off from the date that I was up there."

Plaintiff sued Cline in the United States District Court for the Western District of Virginia for damages to its truck and judgment was rendered on October 28, 1954 for the sum of $3,094.50 with interest from date until paid and costs. Defendant paid $1,000 on the judgment since there was no policy defense as to the $1,000 limit (§ 46-498 (6), Code 1950). Plaintiff brought this action to recover the balance of $2,094.50.

The ultimate and controlling questions are whether or not this evidence is sufficient to sustain a finding that Heuser was defendant's agent and to prove that notice of the accident was given the insurer "as soon as practicable" under the circumstances.

The record before us discloses that Cline went to Heuser Insurance Agency on or before July 18, 1952 for the purpose of buying a liability insurance policy on his automobile; that he made application with Fred M. Heuser, manager, for an assigned risk policy which he was advised had to be sent to Richmond in order to have the policy written; that he paid the premium to Heuser and was told by him that the insurance was effective immediately; that later he received the policy, dated July 18, 1952, from defendant, and that he reported the accident to Heuser who by letter informed defendant. The jury could conclude from this uncontradicted evidence that Heuser Insurance Agency was the agent of defendant and that issue should have been submitted to the jury under proper instructions for their determination after the evidence had been developed as to the nature of Heuser's agency and his relation to the insurance company.

■ A provision in a liability insurance policy which requires the giving of notice of an accident to the insurer "as soon as practicable" is reasonable and enforceable.

In *Harmon* v. *Farm Bureau Auto. Ins. Co.*, 172 Va. 61, 65, 200 S. E. 616, assured under an automobile liability policy instituted action against insurer to recover attorneys fees incurred in defending suits. The policy required that the assured send to the insurer "immediately"

every process served upon him. Two and a half years elapsed before processes were sent to the insurer. The court said: "It is apparent that the provisions in the policy in question are an essential part of the contract of insurance and by the express terms of the policy a failure to comply with its provisions forfeits the right of recovery."

In *Temple* v. *Va. Auto Mut. Ins. Co.*, 181 Va. 561, 575, 25 S. E. 2d 268, Mr. Chief Justice Hudgins, speaking for the court, stated: "It is well settled that notice of an accident and information of any demands made upon, or actions brought against, an assured are reasonable provisions to be inserted in a liability insurance policy. Performance of these provisions is usually regarded as a condition precedent to the right to recover on the policy." See also *State Farm Ins. Co.* v. *Arghyris*, 189 Va. 913, 55 S. E. 2d 16.

The determination of whether notice was given immediately, within a reasonable time, or as soon as practicable is usually a question for the jury.

It is only when reasonable men should not differ as to the proper inferences deducible from the proven facts, the question can be decided as a matter of law. *Shipp* v. *Connecticut Indem. Co.*, 194 Va. 249, 258, 72 S. E. 2d 343.

In 18 A. L. R. 2d 504, it is stated: "Generally, the question of whether notice has been given without unnecessary or unreasonable delay is one of fact for the jury, if there is a dispute or conflict in the evidence with respect to the issue."

The rule as stated in 6 Blashfield, *Liability Insurance* (Perm. ed.), § 4117.75, p. 296 is to the same effect.

"In general, whether or not the requirements of the policy concerning the giving of notice have been complied with is for the jury.

"Thus it is for the triers of fact to determine whether a requirement of notice as soon as practicable has been met, whether the notice was given within a reasonable time, and whether it was in fact given or received."

In *Farm Bureau Ins. Co.* v. *Manson*, 94 N. H. 389, 54 A. 2d 580, the question here presented was considered and the court held that the giving of written notice of an accident "as soon as practicable" was one of fact. See *Maryland Casualty Co.* v. *Waggoner*, 193 Ark. 550, 101 S. W. 2d 451.

In *Yanago* v. *Aetna Ins. Co.*, 164 Va. 258, 178 S. E. 904, the policy of insurance involved had a provision that assured should give immediate notice to the company or its agent in event of an accident.

The company denied liability on the ground that assured failed to comply with this provision. We held, among other things, "Reasonable time and the necessity for prompt action in fair limits are jury questions." This rule was cited with approval in *Hunter v. Hollingsworth*, 165 Va. 583, 183 S. E. 508.

There can be no question about the fact that Cline was critically injured. He was unconscious for two weeks. For sometime thereafter he had severe headaches and his memory was impaired. He was released from the hospital about the middle of January, 1953. A cast remained on his leg until the early part of March, 1953. There was evidence that he reported the accident to Heuser on or about February 1, 1953. However, a letter under date of May 4, 1953 from Heuser to defendant states that the writer had just learned of the accident, yet the letter strongly infers that Cline's condition had prevented him from making an earlier report of the accident.

Different inferences might be reasonably drawn from the evidence adduced and questions that should be decided by a jury were thus presented. It was for them to decide whether Heuser was an agent of defendant to whom proper notice of the accident could have been given, and if so whether the notice to him was given "as soon as practicable" under the circumstances.

The judgment appealed from is reversed and the case remanded for a new trial.

*Reversed and remanded.*