# Richmond

## THE NORTH RIVER INSURANCE COMPANY OF NEW YORK v. MAURY G. GOURDINE, ET AL.

March 9, 1964.

Record No. 5695.

Present, All the Justices.

*H. Lee Addison, III* and *N. W. Coward* (*Pender, Coward, McDuffie & Addison,* on brief), for the plaintiff in error.

*Berryman Green, IV* and *Francis E. Clark* (*Breeden, Howard & MacMillan; Parker & Clark,* on brief), for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

On March 26, 1962, Maury G. Gourdine, while operating his automobile in the city of Norfolk, Virginia, was involved in an accident with another automobile owned by Irving L. Goninan and operated by Mary L. Goninan, in which Mary N. Mason was a passenger, and a truck operated by James E. Wilson and owned by R. H. Jenkins Transfer, Inc. Mary L. Goninan and Mary N. Mason suffered personal injuries as a result of the accident. Irving L. Goninan and R. H. Jenkins Transfer, Inc. sustained damages to their respective vehicles; and the driver of the Jenkins' truck, James E. Wilson, suffered personal injuries.

There was an automobile liability insurance policy covering Gourdine, issued by The North River Insurance Company of New York, in effect at the time of the accident. The policy had the usual provision for giving notice of an accident, containing particulars sufficient to identify the insured, information as to time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses, and the further provision that:

"If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

A further provision of the policy provided that no action should lie against the company "unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

The North River Insurance Company of New York, sometimes hereinafter referred to as insurer or plaintiff, filed a motion for a declaratory judgment, seeking a declaration of its rights, duties and obligations to the insured, Gourdine, and the above-named persons who were involved in the accident of March 26, 1962, under its policy of insurance, issued to Gourdine. The insurer contended that the failure of its insured, Gourdine, to deliver to it in proper time certain suit papers in a motion for judgment against Gourdine for

property damage arising out of the accident, returnable on July 12, 1962, to the civil justice court of the city of Norfolk, breached the conditions of its policy, and worked a forfeiture of all coverage thereunder, both as to the property damage and personal injuries arising from the accident.

Gourdine filed an answer denying that any conduct on his part had terminated the obligations of the insurer to him or the other persons injured or damaged in the said accident.

The parties waived trial by jury and all matters of law and fact were submitted to the court for determination.

After a consideration of the evidence and argument, the court held there had not been "a substantial and material failure (by Gourdine) to comply with the conditions of the insurance policy;" that no prejudice resulted to the plaintiff therefrom; and that the policy "was not otherwise vitiated or forfeited." It thereupon entered judgment declaring the policy to be in full force and effect as to all parties to the cause.

The facts are not in material conflict, the evidence being largely in the form of stipulations by counsel.

After the accident on March 26, 1962, Gourdine promptly reported its occurrence to Hubert E. Baldwin, an adjuster for the plaintiff. On April 4th, the adjuster went to the insured's residence in Franklin, Virginia, to interview him. At Baldwin's request, Gourdine brought, on April 6th, the four passengers who were in his vehicle at the time of the accident, to the adjuster's office in Suffolk, Virginia, to be interviewed. Baldwin told Gourdine that he should notify him or the insurance company of any suit papers being served upon him, or of other papers he received relating to claims arising out of the accident. On at least two or three occasions thereafter, Gourdine went to the adjuster's office to assist the latter in his investigation of the accident.

On or about June 10th, and on July 8th, Gourdine received a letter from Royal-Globe Insurance Company demanding restitution for moneys paid to R. H. Jenkins Transfer, Inc., on its collision policy. Gourdine advised plaintiff of the receipt of the letters on July 26th.

On June 23, 1962, Gourdine also received, by substituted service, notice of a motion for judgment for property damage, instituted against him by Irving L. Goninan, returnable to the civil justice court of the city of Norfolk on July 12, 1962. On the return date, the

action was continued until July 23rd, at which time judgment was entered by default against Gourdine in the sum of $1,415.00.

On the following day, July 24th, Jack K. Moulton, the attorney who represented Irving L. Goninan, advised the insurer, North River Insurance Company, of the suit and judgment. On July 26th, Baldwin went to Gourdine's residence to inquire why the insurer had not been notified of the action.

On July 30th, Baldwin orally notified Gourdine that having failed to give notice to the insurer of the suit brought against him, the insurer considered the policy null and void.

Baldwin further told the insured that the insurer would not pay the default judgment, would not note an appeal to a court of record, and that the insured could take whatever steps he thought necessary to protect his interest. Later, the same day the notification was confirmed in writing to the insured by counsel for the plaintiff, by certified mail, addressed to his usual place of abode. The letter was returned to the sender marked, "Unclaimed and Box Down," dated August 8, 1962.

On August 23rd, the insurer was notified by Moulton that the judgment entered in favor of Irving L. Goninan on July 23rd in the civil justice court had been vacated, and the case was set for trial September 18th. The vacation order was entered several days before the time in which to take an appeal as a matter of right from the civil justice court would have expired.

On September 10th, the insurer wrote to Francis E. Clark, attorney for Gourdine, advising him that it would not defend the suit in the civil justice court.

On September 14th, plaintiff again wrote Gourdine that it would not defend that action; but would defend any subsequent claims for personal injuries arising out of the accident, and requested that Gourdine promptly forward any suit papers received. Insurer further stated that it was reserving its rights to ultimately deny liability. Three days later, suit papers in the action were forwarded to the insurance company by Gourdine's attorney.

On September 18, 1962, default judgment was entered in favor of Goninan against Gourdine in the civil justice court for $1,415.00.

As a result of the accident of March 26th, three other suits were filed against Gourdine in the Court of Law and Chancery of the city of Norfolk. One of these was by Mary L. Goninan for personal injuries; another by Mary N. Mason, an infant, for personal injuries;

and the third by Mary L. Goninan for medical expenses and loss of services of Mary N. Mason, an infant. The claim of James E. Wilson for personal injuries was settled without suit by the plaintiff in this case.

All of the summonses and process in these cases were forwarded to the insurer in proper time, and Gourdine has fully and completely cooperated in every respect with the insurer in the defense thereof.

Gourdine was 29 years old and employed at the Naval Supply Center in Norfolk. It is evident from his testimony that he was an uneducated man. He did not know the difference between "plaintiff" and "defendant." He said he read the first summons, found by him posted at the front door of his home, but that he "couldn't very well understand it." In explanation of his failure to notify the plaintiff of the summons, he said: "Well, I was—I was hurt in that automobile accident. I hurt my shoulder and I had been out of work approximately three weeks and I had used all my leave from down the Base, and when we go through Suffolk in the morning it's about 6:30 or twenty minutes to seven and Mr. Baldwin's office is closed, and when I come through in the evening it's about 6:15 and Mr. Baldwin's office is closed, and on Saturdays Mr. Baldwin's office is closed, and that is the reason I hadn't seen him before." He further said his wife had been sick; that he didn't know the full name of Baldwin; and that he could not afford to lose "too many days from work because I have a family to support."

We have here the situation of a first suit being dismissed before it ripened into complete legal effectiveness, followed thereafter by a second suit as to which process was forwarded without delay to the insurance company. We have full and complete compliance and cooperation subsequently by Gourdine with all of the provisions of the policy.

The question for our determination is whether, under the facts presented, the failure of Gourdine to promptly forward to the plaintiff the papers he received in the first suit was such a substantial and material violation of the provisions of the policy as to render the policy void and of no effect.

█ It is well settled in Virginia and generally elsewhere, that a provision in an insurance liability policy requiring notice of accident and claims, and the forwarding of suit papers are reasonable and valid stipulations, and must be complied with by the insured. The clear purpose is to give the insurer an opportunity to make a timely in-

vestigation of all the circumstances and to prepare an adequate defense, if necessary, on behalf of the insured. *Andrews, Executrix* v. *Cahoon*, 196 Va. 790, 86 S. E. 2d 173; *Harmon* v. *Farm Bureau Auto. Ins. Co.*, 172 Va. 61, 200 S. E. 616; *Temple* v. *Va. Auto Mut. Ins. Co.*, 181 Va. 561, 25 S. E. 2d 268; *State Farm Ins. Co.* v. *Arghyris*, 189 Va. 913, 55 S. E. 2d 16.

There are many cases in which questions relating to notice of accident and claims, the forwarding of suit papers, and lack of cooperation with the insurer under liability insurance policies are involved. The decisions are dependent upon the various factors exising in the particular cases and the statutes concerned. Comprehensive annotations upon the subject and a review of the cases are found in 72 A. L. R. 1462; 76 A. L. R. 180; 123 A. L. R. 981; 18 A. L. R. 2d 450; and 60 A. L. R. 2d 1150-1171.

See also 29A Am. Jur., Insurance, §§ 1471-1472, pages 583 *et seq.* and § 1482, pages 591 *et seq.*

In the *Arghyris* case, *supra*, 189 Va., we held that where an insured had wilfully breached the cooperation clause of his contract in a material particular, it was not necessary for the insurance company to show that it was prejudiced by such breach before it could avoid liability.

Thereafter, in *Shipp* v. *Connecticut Indem. Co.*, 194 Va. 249, 256, 72 S. E. 2d 343, we said:

"While the insurer does not have to show that it was prejudiced by failure to cooperate, the absence of prejudice, if it appears, is a circumstance to be considered on the question of the materiality of the information which it is claimed the insured failed to give."

See also *Cooper* v. *Employers Mutual Liability Insurance Co.*, 199 Va. 908, 914, 103 S. E. 2d 210; *Insurance Co.* v. *Gentry*, 202 Va. 338, 345, 117 S. E. 2d 76.

"Whether or not in a particular instance the insured has failed to give the cooperation contemplated by the policy is ordinarily a question of fact. Blashfield, Automobile Law, Perm. Ed., Vol. 6, p. 413.

"Upon that issue the insurer has the burden of proof. *Indemnity Co.* v. *Davis*, 150 Va. 778, 143 S. E. 328; * * *.

"The question can be decided as a matter of law only when reasonable men should not differ as to the proper inferences to be drawn from the facts proved. *Southern Stevedoring Corp.* v. *Harris*, 190 Va. 628, 633, 58 S. E. 2d 302, 304." *Shipp* v. *Connecticut Indem. Co.*, *supra*, 194 Va., at pages 257 and 258.

■ Policy provisions that notice of accident be given as soon as

practicable, and notice of claim or suit be forwarded immediately only require that insured act within reasonable time, considering all of the circumstances. A significant circumstance may be age and capacity for understanding of the insured. *National Surety Corp.* v. *Wells,* 287 F. 2d 102, 106, U. S. C. (5th Cir.)

█ Under circumstances somewhat similar to those here, it was said in *M. F. A. Mutual Ins. Co. v. White,* 232 Ark. 28, 30, 334 S. W. 2d 686, 687, that "A dismissal without prejudice has been aptly described as being like a person blowing out a candle, which at his own pleasure may be lit again." Then that Court, following the rule laid down by it in *Southern Surety Co.* v. *Puryear-Meyer Grocer Co.,* 151 Ark. 480, 236 S. W. 841, found that delay in notifying an insurance company of the service of summons in a first action afforded no defense in the second action, where the first action was dismissed without prejudice. Said the court: "The purpose of the stipulation in the policy was to afford the insurance company an opportunity to control the litigation and interpose a defense against the claim on the merits of the case. Since the first action was dismissed without prejudice, there was no judgment, no payment, and no liability against appellant was sought; hence it is clear there was no breach of the conditions of the policy by failure of appellee to give notice of the first suit."

In *National Surety Corp.* v. *Wells, supra,* the court held that, under circumstances, including the fact that the first suit was dismissed before it ripened into legal effectiveness, and was thereafter followed by a second suit, and a timely transmission of the second process was made to the insurer, the insurance contract was not breached.

The plaintiff relies upon certain cases which follow the views adopted in *Employers' Liab. Assur. Corp.* v. *Perkins,* 169 Md. 269, 181 A. 436, in which it was held that the failure to forward process in a first suit is not cured by forwarding process in a second suit after the dismissal of the first suit; and *Conold* v. *Stern,* 138 Ohio St. 352, 35 N. E. 2d 133, 137 A. L. R. 1003, wherein it was held that the failure of the insured to furnish aid in securing information concerning his accident and refusal to render cooperation and assistance in defense of the action based thereon constituted such a breach of the provisions contained in the insurance policy as to render the policy null and void. No question of the materiality and substantiality of the alleged breach was taken into consideration in either of those cases.

Plaintiff also cites in support *State Farm Ins. Co.* v. *Argbyris, supra,* 189 Va.; *Cooper* v. *Employers Mutual Liability Insurance Co., supra,* 199 Va.; and *Harmon* v. *Farm Bureau Auto. Ins. Co., supra,* 172 Va.

An examination of the Virginia cases discloses that the facts were different from those here, and that there was in each case a wilful failure of the insured to comply with the terms of the insurance contract which amounted to a substantial, material and prejudicial violation thereof.

In 8 Appleman, Insurance Law and Practice, the author cites *Employers' Liab. Assur. Corp.* v. *Perkins, supra,* 169 Md., and criticizes the decision, saying in § 4738, page 53, Note 75, that, "(A)n insurer who has a reasonable time to investigate an accident should not complain if insured seeks annullment of judgment and asks insurer to defend a new suit." Referring to the Maryland case in § 4738, page 53, Note 75, he says: "What could be fairer, if the insurer had reasonable opportunity to investigate the accident?" Again, in § 4740, page 61, Note 96, still referring to the Maryland decision, he says: "(T)his result seems hypertechnical and without justification, since the insurer then has complete control of the only suit which matters."

The plaintiff has made no contention that it was prejudiced in any way by the failure of its insured to forward a copy of the first motion for judgment in the civil justice court prior to July 24th. It has interposed a highly technical defense to justify its denial of its obligations under the contract. It has, however, failed to carry the burden of showing that the failure of the insured was of such a substantial and material nature as to justify the voiding of the insurance contract. The question of substantiality and materiality in this case was a question of fact, and that question has been resolved by the trial court.

The plaintiff having failed to show that the decision of the trial court was plainly wrong and without evidence to support it, the judgment must be affirmed. Code of Virginia, 1950, § 8-491.

*Affirmed.*