# Richmond

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. ARTHUR LESTER DOUGLAS.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. NELLIE M. DOUGLAS.

June 13, 1966.

Record Nos. 6119, 6120.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Adelard L. Brault* (*William G. Plummer; Brault, Lewis and Plummer*, on brief), for the plaintiff in error.

*Percy Thornton, Jr.* and *Collins Denny, III* (*Stanley A. Owens; Owens and Thornton,* on brief), for the defendants in error.

*George E. Allen, Jr.; Frank C. Maloney, III; E. Ballard Baker; Collins Denny, III; Edward A. Marks, Jr.* for James Floyd Spain, Jr. and others, *amici curiae.*

I'Anson, J., delivered the opinion of the court.

Plaintiffs, Arthur Lester Douglas and Nellie M. Douglas, each obtained judgments in the amount of $4,500 against Harvey Timmons and Floyd Timmons as the result of a collison between the Douglas and Timmons automobiles, and, their judgments being unsatisfied, brought these separate actions against the defendant, State Farm Mutual Automobile Insurance Company, Harvey Timmons' insurer, as permitted under the provisions of § 38.1-380, as amended, Code of 1950, 1953 Repl. Vol. By agreement of the parties the motions for judgment were consolidated and heard by the trial judge, sitting without a jury. The trial court entered separate judgments for each plaintiff, and defendant is here on a writ of error granted in each case.

The sole issue before us is, as defendant has stated it, " * * * did the insured give written notice to the insurer as soon as practicable * * * [or] with reasonable dispatch and within a reasonable time in view of the facts and circumstances of this case?"

The accident out of which these actions arose occurred on June 18, 1961, when the Douglas automobile collided with a vehicle driven by Floyd Timmons and owned by Harvey Timmons, a passenger in the car.

There was in force on the date of the accident an automobile liability insurance policy issued by the defendant to Harvey Timmons under the Assigned Risk Plan. The insurance was procured through an application filed with R. A. Graninger, an insurance agent, who forwarded it to the manager of the Assigned Risk Plan in Richmond.

The policy contained a provision requiring that written notice of an accident and the details thereof, including the names of any witnesses, be given by or for the insured to the company or any of its authorized agents "as soon as practicable." Under another provision of the policy, compliance with its terms was made a condition precedent to coverage arising out of an accident.

Harvey Timmons was confined to his bed at home for two days as a result of injuries sustained, and on the third day he called at Graninger's office to advise him of the accident. Graninger was not the agent of defendant, but he offered to assist Harvey in filling out the proper forms to notify the defendant. Harvey was unable to supply all of the necessary details of the accident on the form to be filled out by him because he was knocked unconscious when the cars collided, and another form was given him for Floyd Timmons to complete.

Harvey made repeated efforts to get Floyd to fill out the form. He visited Floyd's home, which was approximately one-half mile from where Harvey lived, numerous times, in the early morning hours and at night, but each time he was told by Floyd's mother that he was not at home. Harvey was of the opinion that Floyd was "dodging" him, and he carried the form around with him just in case he saw Floyd at an unexpected time. He finally found Floyd in a restaurant one day and tried to get him to fill out the form but Floyd refused. However, Floyd did take the form with him, and when he later completed it and turned it over to Harvey it was delivered to the defendant, without further delay, on August 21, 1961, sixty-five days after the accident.

Defendant argues that there was no coverage under the policy because Harvey Timmons did not report the accident to the defendant "as soon as practicable," and this was a condition precedent to recovery under the terms of the policy.

Provisions in an automobile liability insurance policy requiring that written notice of an accident be given "as soon as practicable," or "immediately," are reasonable and enforceable. Such provisions have been held to be a condition precedent, and if not complied with bar recovery under the policy. *Mason & Dixon, Inc.* v. *Casualty Co.*, 199 Va. 221, 224, 98 S. E. 2d 702, 704; *Harmon* v. *Farm Bureau Auto. Ins. Co.*, 172 Va. 61, 65, 200 S.E. 616, 618; *Temple* v. *Va. Auto Mut. Ins. Co.*, 181 Va. 561, 575, 25 S. E. 2d 268, 274.

The requirement to give notice of an accident "as soon as practicable" means that the notice must be given within a reasonable time after the accident. To determine the reasonableness of a delay in giving the required notice, the facts and circumstances in each particular case must be considered. *Mason & Dixon, Inc.* v. *Casualty Co., supra,* 199 Va. at p. 225, 98 S. E. 2d at p. 705; 29A Am. Jur.,

Insurance, § 1379, pp. 495, 496; Anno.: 18 A. L. R. 2d at pp. 462-467.

Generally the question of whether notice of an accident has been given "as soon as practicable" is one of fact for the jury, or the court sitting without a jury, when the facts are disputed or the inferences are uncertain, or when there are extenuating circumstances for the delay; but when the facts are undisputed and certain the question becomes one of law for the court. *Mason & Dixon, Inc.* v. *Casualty Co., supra,* 199 Va. at p. 225, 98 S. E. 2d at p. 705; 29A Am. Jur., Insurance, § 1960, pp. 1014, 1015; 5A Am. Jur., Automobile Insurance, § 149, p. 149; Anno.: 18 A. L. R. 2d pp. 504-506. For cases supplementing annotation, see 2 A. L. R. 2d, Later Case Service, § 40, pp. 1161-1162. See also 6 Blashfield, Liability Insurance (Perm. ed.), § 4117.75, p. 396.

When an automobile liability insurance policy provides that notice shall be given an insurer as soon as practicable after an accident, and it may be said with objectivity and with reason that the giving of an earlier notice was impracticable, delay will not bar recovery on the policy. *Utica Mutual Ins. Co.* v. *State Farm Mutual Ins. Co.* (4 Cir., 1960), 280 F. 2d 469, 470; 8 Appleman, Insurance Law and Practice, § 4741, p. 65; Anno.: 18 A. L. R. 2d pp. 470, 505-506.

In *Utica, supra,* the insured under an automobile policy refused to let an additional insured see or have his policy until two and one-half months after the additional insured was involved in an accident while driving an automobile owned by a third party. The policy provided that notice of an accident must be given "as soon as practicable." Notice was given to the company by the additional insured several days after the policy was finally obtained from the insured, and the court held that whether timely notice was given "as soon as practicable" under the facts and circumstances was a factual question for the jury.

The language in the automobile liability policy here under consideration requiring that notice of the accident be given "as soon as practicable" means that notice must be given within a reasonable time after the accident. What may be a reasonable time under some conditions may be unreasonable under certain other conditions. Hence the timeliness of the notice must be considered in the light of all the facts and circumstances of this particular case.

■ There was evidence from which it could be concluded that Harvey Timmons was diligent in his efforts to get Floyd to fill out

the required form, and that the giving of an earlier notice was impracticable. Harvey was knocked unconscious in the accident, hence he had to rely on Floyd to furnish the required information as to how the accident happened and the names of witnesses, if any. Floyd was evasive and uncooperative, and as soon as Harvey was able to get Floyd to fill out the form he had it delivered to the defendant. Whether Harvey filed the accident report with defendant as soon as practicable under all the facts and circumstances here was a question of fact upon which reasonable men may disagree.

We cannot say that the able trial judge, sitting as a jury, was in error in holding in effect that Harvey Timmons had given the defendant notice of the accident as soon as practicable.

For the reasons stated, the judgments of the court below are

*Affirmed.*

CARRICO AND GORDON, JJ. dissenting.

GORDON, J., dissenting:

The majority recognizes that the policy makes reasonable notice of an accident a condition precedent to coverage. But, in my opinion, the holding in this case makes the condition meaningless.

Although the majority opinion does not expressly say so, I believe we are agreed that prejudice is implicit in the insurance company's ignorance of the accident and that proof of prejudice is unnecessary. Yet, the trial judge based his finding (that Timmons had satisfied the condition of written notice as soon as practicable) in large measure upon his conclusion that the insurance company's proof of prejudice was "not strong enough" to warrant a contrary finding.

Clearly, Graninger's knowledge of the accident was not the insurance company's knowledge. Nor could the insurance company have been affected by Graninger's failure to advise Timmons to give the insurance company prompt written notice of the accident, with such details as were already in Timmons' possession. As stated in the majority opinion, Graninger was not the insurance company's agent. If he was agent for anyone, he was agent for Timmons.

Timmons' only explanation for his 65-day delay in reporting the accident was the weak excuse that he could not find cousin Floyd or obtain Floyd's prompt cooperation after he was found. Under

such circumstances, I do not believe the evidence supports the finding that written notice was given as soon as practicable or within a reasonable time. I would reverse and enter final judgment for the insurance company.

CARRICO, J., concurs in this dissent.