## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Government Employees Ins. Co.

v.

Linda L. Gilmer et al.

September 28, 1993

Case No. (Chancery) 7751

BY JUDGE JAY T. SWETT

Before me is Government Employees Insurance Company's (GEICO) Motion for Summary Judgment and respondent Harleysville Mutual Insurance Company's Cross Motion for Summary Judgment. Having reviewed the legal arguments, the applicable law, and the depositions, GEICO's Motion for Summary Judgment is granted, and Harleysville's Motion for Summary Judgment is denied.

GEICO's Petition for Declaratory Judgment seeks a declaration that the respondents, Linda L. Gilmer and Linda Mangiaracina, are not insureds under a GEICO automobile insurance policy issued to Gilmer. Harleysville's Cross Motion for Summary Judgment contends that any breach which may have occurred by Gilmer or Mangiaracina failing to notify GEICO of the accident has been waived by GEICO for failure to comply with Va. Code § 38.2-2226.

With the consent of all parties, the Court has reviewed the pleadings and the depositions of Linda L. Gilmer, Linda Mangiaracina, Lawrence R. Brown, Sr., John Costello, Marvin L. Hudson, and Amanda Shumar. The testimony given in those depositions show that the following facts are not in dispute.

On September 18, 1989, Linda Mangiaracina and Marvin Hudson were involved in a traffic accident. A vehicle driven by Mangiaracina rear-ended a vehicle driven by Hudson. Mangiaracina was driving a vehicle owned by her mother, Linda L. Gilmer. The vehicle was insured by GEICO. Hudson's vehicle was insured by Harleysville. The GEICO policy contained a provision that required written notice of

any accident to be given to the insurer "as soon as practicable." The notice was to contain particulars about the accident, as well as the names and addresses of witnesses and of any injured persons.

Gilmer learned of the accident involving her daughter on the day it occurred. Gilmer learned that her vehicle driven by Mangiaracina had to be towed from the scene of the accident. She learned that Mangiaracina was traveling 25 to 30 miles per hour at the time she rear-ended Hudson's vehicle. Mangiaracina told her mother that Hudson did not appear to be injured in the accident. The police officers who investigated the accident estimated the damage to Gilmer's vehicle at $300.00.

Gilmer spoke with Hudson over the telephone several days after the accident occurred. According to Gilmer, Hudson denied injury and indicated that he would send estimates of the damage to his vehicle to Gilmer.[1] Although Hudson suggested to Gilmer that she report the accident to GEICO, Gilmer chose not to do so believing that there was a $200.00 deductible on her policy and that she would rather pay for the damage to Hudson's car with her own funds. In fact, the policy did not include a deductible regarding liability coverage.

At the time of the accident, Gilmer knew of her contractual obligation to report accidents involving her vehicle to GEICO. Although aware of this duty, her reason for failing to report the accident was, as just stated, her desire to pay for the damage to Hudson's vehicle with her own funds.

Apparently, Gilmer did not speak with Hudson again until June of 1990. Gilmer received a letter from him in June of 1990. In the letter, Hudson stated that he had suffered injuries as a result of the accident, and he included estimates of damage to his vehicle in the amount of $2,600.00. Upon receipt of this letter, Gilmer did not notify GEICO because she thought Hudson's claim of damages were "absurd" and "exaggerated." Gilmer also felt that it was too late to report the accident to her insurer, and for that reason, the accident would not be covered by GEICO.

---

[1] Hudson's testimony conflicts with Gilmer's about their conversations immediately after the accident. Hudson states that shortly after the accident, he advised Gilmer that he was injured in the accident.

GEICO received no notice of the accident until around August 22, 1990, when it was reported by Hudson in a telephone call.[2] Hudson's telephone report of the accident prompted a letter from GEICO to Gilmer in which Gilmer was advised that GEICO was investigating the accident. The September 4, 1990, letter put Gilmer on notice that GEICO was reserving its right to deny coverage based on the failure to timely report the accident.

GEICO wrote to Gilmer again in December, 1990, asking Gilmer to call GEICO to discuss the accident. Gilmer did and spoke with a GEICO representative on or about December 26, 1990.

On January 16, 1991, GEICO wrote to Gilmer denying coverage for failure to notify GEICO of the accident. Gilmer received the letter on January 19, 1991.

A contractual duty to notify an insurer of an accident as soon as practicable is enforceable and, if not complied with, will result in the insurer being relieved of its obligation to provide coverage. *State Farm v. Porter*, 221 Va. 592 (1980); *State Farm Mutual v. Douglas*, 207 Va. 265 (1966).

The contractual duty to give notice of an accident "as soon as practicable" means that notice must be given within a reasonable time following the accident. *Douglas*, 207 Va. at 267-268. What is a reasonable time may vary and would depend on the facts and circumstances of each case. *Id.*

Generally, whether notice of an accident was given as soon as practicable is a question of fact where the facts are disputed or the inferences regarding the facts are uncertain or where there are extenuating circumstances that explain the delay. However, where the facts are undisputed, then the issue is one of law. *Id.*

Finally, in a case such as the one presented here, whether or not GEICO was prejudiced by the lack of notice is not an issue. Prejudice becomes an issue when a question arises as to the materiality of the information that is given to the insurer. *State Farm v. Walton*, 244 Va. 498 (1992). Here, Gilmer never gave notice to GEICO. GEICO learned of the accident from Hudson in August of 1990, some eleven months later.

---

[2] Hudson did telephone GEICO in June of 1990 to ask whether Linda Gilmer was one of its insureds. He was told she was not.

Gilmer's only reason for not reporting the accident was that she did not believe that Hudson was injured and that she would undertake to personally pay for the damage to his vehicle. While she is free to make this election, she does so as the risk of the loss of her insurance coverage for failure to notify her insurer within a reasonable time after the accident. She knew of her duty to give notice. There was nothing to prevent her from complying with the notice requirement. Therefore, there is no justifiable reason for her failure to comply with the notice requirement under the policy. Therefore, GEICO's Motion for Summary Judgment is granted.

Harleysville's Cross Motion for Summary Judgment relies upon the provisions of Va. Code § 38.2–2226. That section requires an insurer who intends to rely on a breach of the insurance contract by the insured to notify a claimant of an intention to rely on the breach within twenty days after discovery of the breach by the insurer. Harleysville argues that the breach became known to GEICO when Hudson reported the accident to GEICO on August 22, 1990. Harleysville further argues that although the letter of September 4, 1990, to Gilmer was within twenty days of the telephone notice, the notice does not advise Hudson of GEICO's intent to rely on the breach in defense of liability as is required by § 38.2–2226.

However, GEICO does not contend that the September 4, 1990, letter was the required notice under § 38.2–2226. As of September 4, 1990, GEICO did not have any information from Gilmer about the accident or why the accident was never reported by Gilmer. GEICO was justified in believing that there may have been circumstances to explain Gilmer's failure to report the accident. It was not until GEICO wrote a second letter to Gilmer in December of 1990 that Gilmer telephoned GEICO on December 26, 1990, to report and discuss the accident. This was the first direct communication between GEICO and Gilmer. Once GEICO had Gilmer's explanation, or lack of it, for giving notice about the accident, GEICO wrote a letter to Gilmer with a copy to Hudson advising of GEICO's intent to rely on Gilmer's breach of the insurance contract and that coverage was denied. The denial letter was sent within twenty days following GEICO's decision to deny coverage based on its communication with Gilmer.

In conclusion, GEICO's Motion for Summary Judgment is granted and Harleysville's Cross Motion for Summary Judgment is denied.