## CIRCUIT COURT OF LANCASTER COUNTY

LaGrange Bristow Cralle, Jr.

v.

Progressive Casualty
Insurance Co. et al.

February 10, 1994

By Judge Joseph E. Spruill, Jr.

After the plaintiff recovered a judgment against an unknown motorist, the defendant insurers initiated this Declaratory Judgment action and now move for Summary Judgment arguing that the plaintiff in a no-contact accident claim against John Doe failed to give prompt notice to the insurers as required by statute.

Virginia Code § 38.2–2206(D) provides that if the owner or operator of a motor vehicle that causes bodily injury or property damage to an insured is unknown and if the damage or injury results from an accident where there has been no contact, for the insured to recover under the uninsured motorist endorsement, the accident shall be *reported promptly* to either the insurer or a law enforcement officer.

This accident happened on June 20, 1991. Plaintiff claims to have reported it to the Sheriff of Lancaster County "the second week of July, 1991." The insurers were notified by a letter from plaintiff's attorney dated August 1, 1991.

The question presented is whether under these circumstances the accident was reported promptly within the meaning of the statute. Actually, the more immediate issue is whether the question should be determined by the Court or by the jury.

No Virginia cases have been cited, and I have found none, addressing either this specific issue or defining the term "prompt" as used in this context.

In *Nationwide Mutual Ins. Co. v. Clark*, 213 Va. 666 (1973), it was held that satisfying the notice requirements of the statute is a prereq-

uisite to recovery. There, no notice was given and the plaintiff was precluded from maintaining the action.

Counsel have cited a number of cases from other states, but none have precisely addressed the issue here.

The prior statute required notice to be given within five days. By amending the statute to provide for "prompt" reporting, the legislature has infused a degree of flexibility so that the question of whether notice was given "promptly" must be judged against the circumstances of each particular case.

In *Utica Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co.*, 280 F.2d 469 (4th Cir. 1960), the court, applying Virginia law, held: "It is too well settled for argument, however, that when admitted facts reasonably permit conflicting inferences, it is for the jury to draw the ultimate inference of fact. Only when the proven facts do not reasonably support a favorable inference does the case become one for the court rather than the jury." In this case, the question of reasonableness of notice was found to be a question of fact for the jury to decide.

In *State Farm Mutual v. Douglas*, 207 Va. 265 (1966), the Supreme Court held: "Generally, the question of whether notice of an accident has been given 'as soon as practicable' is one of fact for the jury, or the court sitting without a jury, when the facts are disputed or the inferences are uncertain, or when there are extenuating circumstances for the delay; but when the facts are undisputed and certain, the question becomes one of law for the court."

It is unclear whether the facts are undisputed as to the notice allegedly given to the sheriff. On the basis of what we have in the pleadings and in view of the holdings in *Utica* and *State Farm Mutual*, the Court should not rule as a matter of law under these circumstances that the report was not promptly made. This issue should be determined by the jury.

Accordingly, the motions for summary judgment are denied.