**ATLAS INSURANCE COMPANY, Plaintiff,**

v.

**William CHAPMAN and Chapman Lumber Company, Defendants.**

No. 2:95cv74.

United States District Court, E.D. Virginia, Norfolk Division.

June 20, 1995.

Charles G. Meyer, III, McGuire, Woods, Battle & Boothe, Richmond, VA, Richard J. Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, for plaintiff.

Christopher R. Papile, Kenneth H. Lambert, Jr., Williams, Kelly & Greer, P.C., Norfolk, VA, for defendants.

## *ORDER*

CLARKE, District Judge.

This matter is currently before the Court on plaintiff's Motion for Summary Judgment on Count I and on defendants' Motion to Compel Discovery Requests. For the reasons set forth below the Court grants the plaintiff's Motion for Summary Judgment. The Court notes that in the June 15, 1995 hearing both parties advised the Court that Count II would not be pursued regardless of the outcome for Summary Judgment on Count I. Therefore, the Motion to Compel is now moot and the Court does not find it necessary to address that motion.

## I. RELEVANT FACTS & PROCEDURAL HISTORY

Plaintiff, Atlas Insurance Company ("Atlas"), issued to Chapman Lumber Company, Inc., ("Chapman Lumber") a general liability insurance policy. Atlas is now claiming that it need not provide coverage pursuant to the terms of the policy because the defendants failed to comply with the conditions precedent to coverage. This declaratory judgment action stems from a claim for personal injuries sustained by John D. Barnes ("Barnes") at Chapman Lumber on October 28, 1993. Barnes was hired by Chapman Lumber to perform work on the premises. Barnes is a carpenter and was hired by Chapman Lumber to underpin a small building that was going to be moved. Barnes was injured when a sixteen-foot piece of lumber fell off a front-end loader and landed on top of him.

The accident involved a front loader, a chain, timber tongs and a timber seven inches by nine inches by sixteen feet long. For a reason or reasons not established by the evidence the timber fell, injuring Barnes. Following the accident, Barnes and the timber were moved within minutes.

Mr. William Chapman ("Chapman") is the owner and president of Chapman Lumber. Chapman and Chapman Lumber learned of Barnes' accident and injuries on the day of the accident. Chapman was informed by telephone or two-way radio while he was driving in his truck. Chapman understood on that same day, October 28, 1993, that Barnes had sustained serious injuries and had been taken to the hospital by ambulance. Also on that day, Chapman instructed his secretary to contact the hospital to arrange for payment of Barnes' medical bills.

After Barnes' release from the hospital on November 3, 1993, Chapman Lumber arranged for payment of all other medical bills arising from Barnes' treatment by additional health care providers. To date, Chapman Lumber had paid approximately $14,000.00 in medical bills incurred by Barnes.

In a letter dated February 28, 1994, Barnes' counsel informed Chapman that they had been retained to represent Barnes to make a claim against Chapman Lumber for

injuries and/or damages sustained in the October 28, 1993 accident. The letter requested that Chapman and Chapman Lumber refer the letter to their liability insurance carrier.

On March 3, 1994, Chapman sent Atlas' insurance agent a copy of the letter from Barnes' attorney regarding Barnes' claim for money damages. Chapman asked Atlas to telephone Chapman so that they could discuss the particulars and take appropriate action.

Atlas' agent received the letter on March 5, 1994. Also on March 5, 1994, Atlas' agent sent the same letter and attachments via facsimile to Atlas' office in Shawnee Mission, Kansas. In discovery depositions, Chapman stated that there was no reason that prohibited him from notifying Atlas after the accident. He further stated that it was the letter from Barnes' attorney that prompted him to contact Atlas' agent.

On May 6, 1994, Atlas notified Chapman and Chapman Lumber of its decision to deny coverage of Barnes' claim, because of its failure to timely notify Atlas of the incident and voluntary payment of Barnes' medical expenses without its knowledge or consent.

On October 13, 1994, Barnes' attorney mailed a demand letter to Atlas and Chapman, requesting $300,000 in settlement of his client's claim.

On November 2, 1994, Atlas filed this declaratory judgment action in the United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:94cv818, against Chapman and Chapman Lumber. Upon agreement of counsel, this action was transferred to this Court on January 19, 1995.

On May 16, 1995 defendants filed a Motion to Compel Production of Documents. On May 17, 1995 Atlas filed a Motion for Summary Judgment on Count I. The motions for both issues were thoroughly briefed by the parties. On June 15, 1995 this Court was scheduled to hear oral arguments for both motions. At the hearing both parties advised that Court that Count II was not going to be pursued regardless of the outcome of plaintiff's Motion for Summary Judgment. The Court heard oral argument with respect to the Motion for Summary Judgment and the parties agreed to have the Motion to Compel decided on the briefs. Trial is set for July 18, 1995 and a jury trial has been demanded. The Court finds the motions to be ripe for determination.

## II. ANALYSIS

Atlas now seeks summary judgment on Count I. Atlas argues that, as a matter of law, it need not indemnify or defend the insured in respect to Barnes' claim because Chapman violated a condition precedent to coverage when he failed to provide prompt notice of the accident or sufficient justification for the delay in notifying Atlas of the accident.

Chapman does not offer an excuse for failing to notify Atlas until March 3, 1995— 126 days after the accident. The defendants maintain that, regardless of their unexcused delay, the question of whether the delay amounted to a material and substantial breach of the policy is a factual question for the jury.

Summary judgment is appropriate where "the pleadings' depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." F.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must introduce evidence to create an issue of material fact on "an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Looking at the policy in question, Section IV, Commercial General Liability Conditions, subsection (2)(a) states:

Section 4—Commercial General Liability Conditions

2. Duties in the Event of Occurrence, Offense, Claim or Suit.

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a

claim. To the extent possible, notice should include:

(1) how, when and where the "occurrence" or offense took place.

(2) the names and addresses of any injured persons and witnesses; and

(3) the nature and location of any injury or damage arising out of the "occurrence" or offense.

■ Under this policy, Chapman Lumber specifically is required to give notice "as soon as practicable of an 'occurrence' or an offense which may result in a claim." The law in Virginia regarding an insured's duty to provide notice to his insurer is well-established. Insurance policy provisions requiring notice of an accident "as soon as practicable" are reasonable and enforceable. *State Farm Mut. Auto Ins. Co. v. Porter*, 221 Va. 592, 597, 272 S.E.2d 196 (1980); *State Farm Mut. Auto Ins. Co. v. Douglas*, 207 Va. 265, 267, 148 S.E.2d 775, 777 (1966). Moreover, an insured's substantial compliance with these notice provisions is a condition precedent to recovery under the policy. *See Liberty Mut. Ins. v. Safeco Ins. Co.*, 223 Va. 317, 323, 288 S.E.2d 469 (1982) ("*Safeco*"); *State Farm Fire & Cas. Co. v. Walton*, 244 Va. 498, 504, 423 S.E.2d 188, 192 (1992) ("*Walton*").

The rationale behind the rule requiring compliance with the notice provision is compelling. Absent the requirement of prompt notice by the insured of all accidents and occurrences which could implicate the policy, the insurer is at the mercy of its insured's willingness to reveal such potential claims. As the Virginia Supreme Court has made plain, notice provisions are designed to afford the insurer the opportunity to make a timely investigation of all circumstances surrounding the accident and to prepare an adequate defense if necessary on behalf of the insured. *See North River Ins. Co. v. Gourdine*, 205 Va. 57, 62, 135 S.E.2d 120 (1964).

■ The duty to provide prompt notice of an accident is governed by objective standards. As the Virginia Supreme Court has ruled, failure to provide timely notice is not justified by either a purely subjective conclusion that coverage is not implicated or by the insured's ignorance of the notice provision.

*See Dan River, Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 489, 317 S.E.2d 485, 487 (1984); *Aetna Casualty and Sur. Co. v. Ballard*, No. 94–1597, 1995 WL 238565, *1 (4th Cir. Apr. 25, 1995) (unpublished disposition). In *Dan River*, the court observed:

> Failure to give timely notice will not be excused when the insured only subjectively concludes that coverage under the policy will not be implicated. Such a policy provision requires the insurer to be notified whenever, from an objective standpoint, it should reasonably appear to the *insurer* that the policy may be involved.

*Dan River*, 227 Va. at 489, 317 S.E.2d at 487 (emphasis added). In short, an insured's subjective opinion that an accident will not precipitate a claim under the policy is irrelevant to the question of whether notice should be provided. Rather,

> [a]n "occurrence" which gives rise to a duty of notice to an insurance company means an "incident which was sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered by [the] policy."

*Walton*, 244 Va. at 504, 423 S.E.2d at 188 (quoting Black's Law Dictionary, 1080 (6th ed. 1990)).

■ The question of whether notice of an accident has been given "as soon as practicable" generally is one of fact "when the facts are disputed or the inferences uncertain, or when there are extenuating circumstances for the delay . . . ." *Douglas*, 207 Va. at 265, 148 S.E.2d at 777. However, when the facts are undisputed and certain, the question becomes on of law for the court. *Id.* (citing *Mason & Dixon, Inc. v. Casualty Co.*, 199 Va. 221, 225, 98 S.E.2d 702, 705 (1957)). In other words, the question of delayed notice may be decided as a matter of law where reasonable men could not differ as to the inferences to be drawn from the undisputed facts. *See North River*, 205 Va. at 57, 135 S.E.2d at 124; *Norfolk & W.R. Co. v. Accident & Cas. Ins. Co.*, 796 F.Supp. 925, 928 (W.D.Va.1992).

■ Plaintiff asserts that it is not necessary for an insurer to show that is was

prejudiced by an insured's breach of the notice requirement to deny coverage under a policy. Instead, the insurer need only show that the breach was material and substantial. *See, e.g., Dan River,* 227 Va. at 488, 317 S.E.2d at 485; *Walton,* 244 Va. at 503, 423 S.E.2d at 191; *Lord,* 224 Va. at 284, 295 S.E.2d at 797.

The defendants argue that whether notice has been given to an insurer "as soon as practicable" is an issue to be resolved by a fact finder. *State Farm Fire and Casualty Co. v. Scott,* 236 Va. 116, 120, 372 S.E.2d 383, 385 (1988). Defendants assert that the requirement for notice to be given "as soon as practicable" means only that it must be given within a reasonable time after the accident, and what constitutes a reasonable time depends upon the facts and the circumstances of each case. *Id.*

The defendants claim that although Virginia decisions appear to support plaintiff's contention that plaintiff is not required to show prejudice if there has been a substantial and material breach of the notice provision that the absence of prejudice is a circumstance entitled to consideration upon the issue of materiality. *Id.; Walton,* 244 Va. at 504, 423 S.E.2d at 192.

The defendants concede that Chapman and Chapman Lumber do not have any reason for failing to notify Atlas about the October 28, 1993 accident until March 3, 1994.[1] However, it is their position that since a jury *might find* that Atlas was not prejudiced by the delay—that it is a fact issue whether the four month delay in giving notice constitutes a substantial and material breach of the contract.[2] Defendants assert that the lack of prejudice is one factor a jury may consider in determining whether the delay constitutes substantial and material breach.

The Court does not agree with defendants' assertion. In this case, the Court finds that as a matter of law, the four month delay in notifying the insurer, without any excuse or sufficient justification, constitutes a substantial and material breach of the notice provision, which is a condition precedent to coverage.

The defendants argue that the plaintiff has mistakenly relied upon *Lord* and *Safeco* in support of its Motion for Summary Judgment because, as pointed out by the Virginia Supreme Court in *Scott,* those cases were determined by a fact finder that the delay was without sufficient justification. *Scott,* 236 Va. at 116, 372 S.E.2d at 383. The *Scott* court stated:

> In the present case, State Farm relies upon *Lord* and *Safeco Ins.,* contending that those cases held as a matter of law that the notice was untimely. State Farm misreads our holding in those cases.
>
> In *Lord,* notice was delayed 173 days after the accident. The fact finder (the trial court sitting without a jury) found that the delay was without sufficient justification.

*Id.* at 121, 372 S.E.2d at 385–86. In the present case, it is undisputed that Chapman did not have any reason for failing to notify the insurer prior to March 3, 1994. The Court finds that as a matter of law, when it is undisputed that there is no justification, that the delayed notice constitutes a breach of the notice conditions of the policy. In this circumstance there is no factual determination as to whether there is sufficient justification, but rather, the defendants have admitted that there is no justification. Their sole argument is that the insured does not need a justification if there is possibility that a jury might find that the insurer has not been prejudiced. The Court cannot agree.

In this case it is undisputed that Chapman knew about the accident on the day it occurred. Furthermore, on the very day of the accident he understood the seriousness of the

---

**1.** The Court notes that in the hearing on June 15, 1995 the defendants' counsel respectfully submitted that Chapman did not have any reason for not notifying Atlas of the accident until March 3, 1994.

**2.** Significantly, Atlas maintains that the issue of prejudice lies beyond the scope of this motion. In the alternative it asserts that it suffered sub-stantial prejudice as a result of Chapman's excessive delay in notice. "Specifically Atlas believes that Chapman's delay in notice prejudiced its ability to conduct a proper investigation of Barnes' accident and claim and its ability to resolve that claim in a timely and favorable manner."

accident and even requested his secretary to contact the hospital and arrange for the payment of Barnes' medical expenses. Chapman admitted in his deposition, and his counsel argued at the hearing, that Chapman did not have any reason for his failure to notify Atlas, prior to March 3, 1995, of Barnes' accident. Chapman simply hoped that Barnes would not assert a claim against Chapman Lumber.

■ There are no factual disputes or conflicting inferences to resolve on the issue and therefore, we hold as a matter of law, that the 126–day delay in complying with the notice provisions in the policy, without any justification, constitutes a substantial and material violation of the insurer's notice requirement. Because the Court finds that the unexcused delay constitutes a substantial and material breach of the policy the Court finds that the issue of prejudice is a collateral matter which does not arise in the instant case. Therefore, Atlas need not show that it was prejudiced by the delayed notice.

Because the defendants violated the notice requirement, Chapman and Chapman Lumber are not entitled to coverage under Atlas' policy. Therefore, the Court GRANTS the plaintiff's Motion for Summary Judgment on Count I. Additionally, the Court notes that on June 15, 1995 the parties informed the Court that they were not going to pursue Count II. Therefore, the Court finds it unnecessary to address the defendants' Motion to Compel Discovery Requests.

## III. CONCLUSION

It is therefore ORDERED that Atlas has no duty to indemnify Chapman Lumber or Mr. William Chapman for any claim made against either of them by John D. Barnes resulting from the injuries which he received on October 28, 1993 or to defend William Chapman and Chapman Lumber in any action by Barnes resulting from said accident.

IT IS SO ORDERED.