## CIRCUIT COURT OF THE CITY OF RICHMOND

Bernice E. Rowsey

v.

Old Republic Life Ins. Co.

October 2, 1978

Case No. B-142

By JUDGE WILLARD I. WALKER

Having considered the cases cited to me by counsel at the time the motion to set aside was made by the defendant, I now conclude that motion must be denied and judgment entered upon the verdict of the jury.

There is no question in this case but that the insured, Mr. Rowsey, delayed a considerable time in notifying the company of the claim and waited some significant time before suit was instituted by his estate. There is also no question that the policy provides that notice of claim shall be given within thirty days in writing or as soon thereafter as is reasonably possible. The question of what was reasonably possible in this case was properly left to the jury. The explanation given by the plaintiff in this action for not having given notice to the company earlier was a failure on the part of the company or its agents to provide him with a copy of the certificate in 1966. That issue, which went to the heart of the case, was submitted to the jury in Instruction No. 8 which advised them:

> If you believe from the evidence that plaintiff's husband did not receive a copy of the certificate in 1966, but that as a reasonably prudent man

he should have made inquiry concerning the certificate; or, that the plaintiff's husband received a copy of the certificate in 1966, then timely notice under the terms of the certificate was not given to the defendant.

Instruction No. 9 of the court instructed the jury that if they believed from the weight of the evidence that timely notice was given to the defendant insurance company they should find in favor of the plaintiff, and otherwise they should find in favor of the defendant.

Except for the issues of substantiality, materiality and prejudice, the court finds the language expressed in *Insurance Co.* v. *Gourdine*, 205 Va. 57 (1964), as persuasive in this case. It is not possible in all cases for the court as a matter of law to say what constitutes a reasonable period of time; and in this case, although the plaintiff clearly did not comply with the thirty day written notice requirement, there remained open for the jury the question of reasonableness, unless that determination could be made by the court as a matter of law. The court had adjudged the matters raised by the statute of limitations plea and has not allowed recovery to the plaintiff based on those claims too old and too stale to survive the statute of limitations as pled. However, the question before the court on this motion to set aside is not the statute of limitations but rather compliance with the paragraph of the insurance contract entitled "Notice of Claim." Inasmuch as the plaintiff's evidence was that the plaintiff had to make inquiry of the company to ascertain that he had insurance coverage under which he could claim for the benefits he now seeks to recover, and that the company did nothing to bring this matter to his attention, it is not for the court to say as a matter of law that this does not constitute reasonable notice under the terms of the policy. I have reviewed the provisions of *Harmon* v. *Farm Bureau Auto. Ins. Co.*, 172 Va. 61 (1939), and *State Farm Ins. Co.* v. *Arghyris*, 189 Va. 913 (1949), and I do not find these cases persuasive. In the *Harmon* case, there was a two and one-half year lapse between the suit papers being filed against the insured of the defendant insurance company and his notification to them. The question in that case was really whether or not the

insurance company had been prejudiced, and the court ruled that prejudice was not in issue where there was a clear violation of the terms of the policy. In the *State Farm* case, the underlying contract was substantially the same, and the appellate court found as a matter of law that the insured "repeatedly misled the defendant as to his connection with the accident over a period of many months. He not only failed to claim the protection of the policy; but denied the liability of the company to him or to any one claiming through him. . . ." He never gave any notice of the accident except indirectly until the day of the trial of the proceedings against him.

For the reasons stated, the court holds that the jury's verdict in this case has been reached upon correct principles of law.