## CIRCUIT COURT OF ARLINGTON COUNTY

Prospect Enterprises, Inc.

v.

Pennsylvania Manufacturers
Association Insurance Co.

January 9, 1991

Case No. (Law) 90-263

## By JUDGE PAUL F. SHERIDAN

This matter came on to be heard on defendant's Motion for Summary Judgment.

In 1985 plaintiff, Prospect Enterprises, Inc., contracted with Capital Buildings, Inc. ("Capital") to perform roofing and waterproofing work at a certain project in Arlington, Virginia. At times after 1985, Pennsylvania Manufacturers Association Insurance Company provided liability coverage to plaintiff.

As a result of the roofing work performed, Capital made certain claims against plaintiff relating to drywall damage. In 1988, plaintiff notified defendant of these potential claims. In March, 1989, plaintiff received a demand for arbitration from Capital. When plaintiff requested coverage and defense from defendant, defendant denied coverage and refused to defend. Plaintiff then retained its own lawyer for the arbitration proceedings, which culminated on November 28, 1989, with the arbitrator's award against plaintiff in the amount of $9,395.00. Plaintiff made demand on defendant for reimbursement for attorney fees and to pay the arbitration award. Plaintiff now sues defendant for alleged breach of the insurance agreement.

Defendant seeks summary judgment because the alleged wrongful acts were not covered by any pertinent insurance policy and because plaintiff did not promptly notify it

of a claim under any pertinent policy. However, there are factual disputes over the interpretation and application of the contract language in regard to specific items (such as drywall damage), and when plaintiff knew of a "claim" presented by Capital. For a summary judgment motion to be successful, there must be no material fact genuinely in dispute. *Day v. Abernathy*, 204 Va. 723 (1963), and Rules of the Supreme Court of Virginia 3:18.

This case presents disputes regarding the time, terms, coverage and mutual obligations of the insurance policies. The question of whether notification was prompt is usually a question of fact. *Mason & Dixon Lines v. United States Casualty Company*, 199 Va. 221, 225 (1957). In addition, defendant claims that the arbitration award against plaintiff is so general in nature as to make it speculative as a matter of law as to which part, if any, of the arbitrator's award is covered. But plaintiff is entitled to a factual hearing to attempt to resolve that issue.

To grant defendant's Summary Judgment Motion would require this Court to go beyond the pleadings and determine as matters of law which insurance policy was in effect at the time of the alleged acts, to interpret the timeliness and/or reasonableness of notification, and to interpret defendant's duties to defend plaintiff and/or to pay the arbitration award. These matters present genuine issues of fact for consideration at trial. Therefore, defendant is not entitled to summary judgment.