**NORFOLK & WESTERN RAILWAY CO., Plaintiff,**

v.

**ACCIDENT & CASUALTY INS. CO. OF WINTERTHUR, et al., Defendants.**

**Civ. A. No. 89–0344–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

May 15, 1992.

See also 796 F.Supp. 929.

W. Fain Rutherford, Phillip D. Payne, IV, Woods, Rogers & Hazlegrove, Roanoke, Va., Stephen A. Trimble, John M. Clifford, Patrick Kavanaugh, Hamilton & Hamilton, Washington, D.C., Russell H. Hart, Bruce L. McSpadden, Stuart & Branigin, Lafayette, Ind., for Norfolk and Western Ry. Co.

David Florin, Wilson, Elser, Moskowitz, Edelman & Dicker, Alexandria, Va., for Fuji Fire & Marine Ins. Co.

Patrick M. Shine (Pro hac vice), Nancy J. Gleason (Pro hac vice), Gleason, McGuire & Shreffler, Chicago, Ill., Elizabeth Medaglia, Margery J. Lexa (Pro hac vice), Jackson & Campbell, P.C., Washington, D.C., for Allstate.

George Marshall Moriarty, Kenneth W. Erickson, Eric Smith, Ropes & Gray, Boston, Mass., David Overlock Stewart, Ropes & Gray, Washington, D.C., T. Daniel Frith, III, Mundy, Rogers & Frith, Roanoke, Va., Peter M. Brody (Pro hac vice), Washington, D.C., for London Market Companies.

Kathleen Taylor Sooy, Elizabeth E.S. Skilling, Joseph L.S. St. Amant, McGuire, Woods, Battle & Boothe, Richmond, Va., for Admiral Ins. Co., Central Nat. Ins. Co. of Omaha, The Ins. Co. of Florida, Protective Nat. Ins. Co., Southern American Ins. Co., Canadian Universal Ins. Co. Ltd., Northwestern Nat. Ins. Co. of Milwaukee, Northwestern Nat. Cas. Ins. Co. and Bellefonte Ins. Co.

Jim H. Guynn, Jr., Parvin, Wilson, Barnett & Hopper, P.C., Roanoke, Va., Andres H. Marks, Stuart H. Newberger, William L. Anderson, Crowell & Moring, Washington, D.C., for California Union Ins. Co. and Ins. Co. of North America.

James W. Greene, William F. Fawcett, Jr. (Pro hac vice), Bromley, Brown & Walsh, Washington, D.C., Randall M. Starrett, II, Maria T. Ehrlich (Pro hac vice), Bromley, Brown & Walsh, Falls Church, Va., for Employers Ins. of Wausau, American Reinsurance Co., Yosemite Ins. Co. and General Reinsurance Co. and United Nat. Ins. Co.

S.D. Roberts Moore, Phillip V. Anderson, Walter H. Peake, III, Melissa W. Robinson,

Gentry, Locke, Rakes & Moore, Roanoke, Va., for American Home Assur. Co., Birmingham Fire Ins. Co. of Pennsylvania, Granite State Ins. Co., Landmark Ins. Co., Lexington Ins. Co., Nat. Union Fire Ins. Co. of Pittsburgh, Pa., New Hampshire Ins. Co., The Ins. Co. of State of Pa., Audubon Indem. Co., American Centennial Ins. Co., First State Ins. Co., Highlands Ins. Co., Royal Indem. Co. and Southeastern Fidelity Ins. Co.

Gerald F. Ivey, Michele S. Ponte, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, D.C., for Mead Reinsurance.

Stuart L. Peacock (Pro hac vice), K. Thomas Shahriari, Donald M. Gilberg, Mark Westerfield, Bivona & Cohen, Washington, D.C., for American Ins. Co., Firemen's Fund Ins. Co. and Nat. Sur. Corp.

Philip G. Gardner, Gardner, Gardner & Barrow, P.C., Martinsville, Va., for Federal Ins. Co.

Lanier Woodrum, Fox, Wooten & Hart, Roanoke, Va., for Allstate Ins. Co. and Northbrook Excess and Surplus Ins. Co.

Susan W. Spangler, Fox Wooten & Hart, Roanoke, Va., for Employer's Mut. Cas. Co.

Richard Gimer, Stephen L. Humphrey, Kathryn A. Underhill, Hopkins, Sutter, Hamel & Park, Washington, D.C., for Transp. Mut. Ins. Co. and Employers Surplus Lines Ins. Co. (Commercial Union).

Miguel E. Rubio (Pro hac vice), Robert Heggestad (Pro hac vice), Casey, Scott, Canfield & Heggestad, P.C., Washington, D.C., Mark Weiss, Roberts & Rab, Woodbridge, Va., for Harbor Ins.

Steven K. Davidson, Steptoe & Johnson, Washington, D.C. (Roger E. Warin, of counsel), for Home Ins. Co.

Howard W. Dobbins, Williams, Mullen, Christian & Dobbins, P.C., Richmond, Va., Wendy H. Kock, Griffith & Burr, P.C., Philadelphia, Pa., for Transamerica Premier Ins. Co.

Kevin E. Wolf (Pro hac vice), Lorraine M. Armenti, Barbara C. Robertson, McElroy, Deutsch and Mulvaney, Morristown, N.J., William B. Hopkins, Jr., Martin, Hopkins,

Lemon & Carter, P.C., Roanoke, Va., for Intern. Surplus Lines Ins. Co.

Michael D. Gallagher, Robert Thurston, German, Gallagher & Murtagh, Philadelphia, Pa., David P. Joyce, Stone, Worthy, Reynolds & Joyce, Martinsville, Va., for Stonewall Ins. Co.

Bill Marks, Milwaukee, Wis., for Integral Ins. (Incorporated as Old Reliable—Changed name to Integral on 5/20/83).

George Vallone, East Orange, N.J., for American Home Assur. Co., Birmingham Fire Ins. Co. of Pennsylvania, Employers Surplus Lines Ins. Co., Granite State Ins. Co., The Ins. Co. of State of Pa., Landmark Ins. Co., Lexington Ins. Co., Nat. Union Fire Ins. Co. of Pittsburgh, Pa., New Hampshire Ins. Co., Audubon Ins. Co. and Ins. Co. of Baton Rouge.

Jan Kravitz, American Universal Group, Providence, R.I., for Canadian Universal Ins. Co.

Scott Riley, Wilmington, Del., for American Centennial Ins. Co.

## MEMORANDUM OPINION

TURK, Chief Judge.

### BACKGROUND

The court takes jurisdiction over this case pursuant to the diversity statute, 28 U.S.C. § 1332.

Employee Surplus Lines Insurance Company ("ESLIC") seeks summary judgment on the ground that the plaintiff, Norfolk & Western Railway Co. ("the railroad"), failed to give timely notice of the hearing loss claims against which it seeks indemnity in this litigation. The court is aware of only one other defendant in the case who joins ESLIC's motion.[1] The other defendants argue that the issue is not yet ripe for decision.

The ESLIC policies which the court is asked to address provide as follows:

The Assured shall immediately give written notice ... of any occurrence or claim which could reasonably be anticipated by the Assured to involve an amount in excess of the underlying limits should the Assured be ultimately held liable for the occurrence or claim. Solely for the purposes of reporting claims or occurrences, the Assured shall in all instances consider himself legally liable for such claims or occurrences.

Through two policies, ESLIC insures the railroad for $250,000 in excess of $1,000,-000 for the period July 11, 1968 to July 11, 1971 ("the first policy") and 350,000 in excess of 11,000,000 for the period August 4, 1971 to July 11, 1972 ("the second policy"). The railroad alleges the existence of other policies with ESLIC, but these policies have not been located. This decision will control the missing policies only if those policies contain language which is similar in all material respects to that which is quoted above from the two policies which have been found.

### DISCUSSION

The standard for summary judgment is familiar. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). For the purpose of deciding the motion for summary judgment, the facts will be considered in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

It is undisputed that the railroad gave ESLIC notice that it would make a claim for indemnity with regard to Noise Induced Hearing Loss ("NIHL") claims in April of 1987. ESLIC contends that it should have gotten such notice no later than June 1982 with respect to the first policy and October 1984 with respect to the second policy. The dates offered by ESLIC represent the

---

1. Stonewall Insurance Company joined ESLIC's motion but did not argue the motion either orally or through a written memorandum.

time at which ESLIC contends the railroad should have known that the ESLIC policies would come into effect. The railroad argues that its claim experience required it to give notice no sooner than it did.

The parties agree that for the purpose of deciding this motion, Virginia law controls the interpretation of the policy language at issue. Under Virginia Law, unambiguous policy provisions are to be read according to their plain meaning. *Carter v. Carter*, 202 Va. 892, 121 S.E.2d 482 (1961). Timely notice is a condition precedent to coverage in Virginia. *Stonewall Ins. Co. v. Hamilton*, 727 F.Supp. 271 (W.D.Va.1989); *State Farm Fire & Casualty v. Scott*, 236 Va. 116, 372 S.E.2d 383 (1988). Though timeliness is traditionally a question of fact, the Virginia Supreme court has held that it may be decided as a matter of law where the facts are undisputed as they are in the present case. *State Farm Mut. Auto. Ins. Co. v. Douglas*, 207 Va. 265, 148 S.E.2d 775; *Dan River, Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 317 S.E.2d 485;

*Mason & Dixon Lines, Inc. v. United States Casualty Co.*, 199 Va. 221, 98 S.E.2d 702. In *Scott*, the Virginia Supreme Court stated the following with regard to the timeliness of notice:

> When a violation of the notice requirement is substantial and material, the insurer is not required to show that it has been prejudiced by the violation. An absence of prejudice, however, is a circumstance to be considered on the question of the materiality of the information which the insured failed to give.

*Id.*, 372 S.E.2d at 385 (citations omitted).

The notice provisions in the ESLIC policies are unambiguous. They require the railroad to give notice when it determines that "an occurrence ... could reasonably be anticipated ... to involve an amount in excess of the underlying limits." The undisputed factual evidence before the court shows that the railroad experienced the following:

| YEAR | NUMBER OF NIHL CLAIMS | DOLLARS PAID OUT |
|------|-----------------------|------------------|
| 1971 | 1 | no record kept |
| 1972 | 1 | " |
| 1973 | 0 | " |
| 1974 | 1 | " |
| 1975–1978 | 0 | " |
| 1979 | 2 | " |
| 1980 | 1 | " |
| 1981 | 0 | " |
| 1982 | 4 | 0 |
| 1983 | 7 | 89,000.00 |
| 1984 | 10 | 85,200.00 |
| 1985 | 31 | 60,200.00 |
| 1986 | 103 | 122,881.00 |
| TOTAL: | 161 | 357,281.00 |

Based upon this claim experience, the railroad reasonably anticipated that the ESLIC policies might come into effect in 1987. The court holds that the railroad complied with the notice requirement in giving notice when it did.

In support of its position that the railroad failed to give timely notice, ESLIC interprets its policies to link notice to the railroad's cumulative knowledge with re-

gard to NIHL. ESLIC argues that, as early as the 1950's, the railroad knew that NIHL claims might result in a significant amount of liability; and by the early 1980's, as claims for millions of dollars were being filed, the railroad knew that NIHL claims would exceed the underlying limits of the ESLIC policies. The problem with tying notice solely to some estimation of the railroad's cumulative knowledge is

that it leads to a nonsensical result. Under such an interpretation, notice would arguably be due when some expert from whom the railroad sought counsel opined that NIHL might impose a liability in excess of the underlying limits of the ESLIC policies. Such an interpretation might very well have required that notice be given to ESLIC before ESLIC issued the policies in question to the railroad—a result that obviously makes no sense. Recognizing the inherent flaw in the argument that notice should be linked solely to the railroad's cumulative knowledge, ESLIC argues that the notice provisions in the policies require that notice be given when the railroad's cumulative knowledge and its claims experience coincide to convince the railroad that the underlying limits of the ESLIC policies might be reached.

Not surprisingly, given the fact that the language at issue is unambiguous, the position which ESLIC ultimately takes is not far from the position taken by the railroad. The only difference between the way that ESLIC would have the railroad address the notice question and the way that the railroad actually addressed it turns on whether the actual claims or the cost of settling those claims is examined in the second step of the evaluation process. In determining when to give notice, the railroad examined the amount that it had paid out to NIHL claimants through the end of 1986. By contrast, ESLIC would have had the railroad evaluate its liability based upon the damage amounts claimed in the Federal Employers' Liability Act ("FELA") complaints filed against the railroad.

The court believes that the plain meaning of the notice provisions requires that actual claims experience be examined and that ESLIC's proposed interpretation be rejected. By ESLIC's proposed method, the railroad's decision would turn on the whim of the plaintiff's lawyer who filed the FELA complaint. The damage statements contained within the FELA complaints are clearly not reasonable estimates of the potential liability which a particular claim might impose, so ESLIC's proposed method of determining when notice is due would contravene the reasonable anticipation lan-

guage of the contract. The court cannot validate an interpretation of policy language which is contrary to the plain meaning of the policies.

In conclusion, the court holds the following. The notice provisions at issue are unambiguous. According to their plain meaning, they require that notice be given when actual claims experience causes the insured to reasonably anticipate that a given layer of coverage will be implicated. By this standard, the railroad complied with the notice provisions at issue in giving notice when it did. There being no material breach of the notice requirement, ESLIC's motion will be denied.