**VERMONT MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Ammie M. EVERETTE, Gary Lee Everette, and Crystal Greenwood, Defendants.**

**Action No. 4:94cv00090.**

United States District Court, E.D. Virginia, Newport News Division.

Feb. 9, 1995.

Stanley P. Wellman, Harman, Claytor, Corrigan & Wellman, Richmond, VA, for plaintiff.

John Ashton Wray, Jr., Hampton, VA, for defendant Ammie M. Everette.

Ronald Lee Smith, Hampton, VA, for defendant Gary Lee Everette.

John Ward Bane, Hampton, VA, for defendant Crystal Greenwood.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the Court on Plaintiff's and Defendant Greenwood's motions for summary judgment. For the reasons that follow, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant Greenwood's motion.

### I. Factual and Procedural History

Plaintiff Vermont Mutual Insurance Company ("Vermont Mutual") brought this declaratory judgment action to determine its obligations for coverage of claims arising from the sexual molestation of Defendant Crystal Greenwood.[1] In June of 1991, Crystal Greenwood, who was nine years old at the time, visited her aunt, Ammie Everette, for an overnight stay. Ms. Everette's adult son, Gary Lee Everette, was living in his mother's house at this time. While Ms. Everette was at work, Gary Lee Everette sexually assaulted Crystal Greenwood. Police arrested Gary Lee Everette shortly after this incident, and he remained incarcerated until November 26, 1991, when he pled guilty to two counts of aggravated sexual battery in Hampton Circuit Court.

On April 29, 1994, Crystal Greenwood filed suit against Ammie Everette and Gary Lee Everette in Hampton Circuit Court, alleging sexual assault and battery by Gary Lee Everette and negligent supervision by Ammie Everette. Ms. Greenwood seeks $300,000.00 in damages from the Everettes.

At the time of the assault, Ammie Everette held a homeowner's policy from Vermont Mutual. On November 11, 1992, Crystal Greenwood's attorney, John Ward Bane, telephoned Ms. Everette to inquire whether she held a homeowner's insurance policy. That same day, Ms. Everette telephoned her homeowner's insurance agent and reported that her son had molested her niece on August 1, 1990. McLain aff. at 1. Ms. Everette did not report a June 5, 1991 incident. *Id.* She told the agent that her sister's attorney had contacted her, but that her niece had not yet brought an action against her son. *Id.*

On February 21, 1994, Ms. Everette received a letter from Mr. Bane, and a copy of a Motion for Judgment which he stated he intended to file in the near future. The letter suggested that Ms. Everette take the Motion for Judgment to her insurance company. On May 6, 1994, Ammie Everette and Gary Lee Everette were served with the Motion for Judgment. On May 9, 1994, Ms. Everette hand-delivered the February 21, 1994, letter from Mr. Bane to her insurance agent.

On May 25, 1994, Vermont Mutual mailed "reservation of rights" letters to Ammie Everette and Gary Lee Everette, and sent copies of the letters to Crystal Greenwood's attorney. The letters stated that Vermont Mutual questioned whether the policy covered the sexual assault, and whether Ms. Everette had breached the policy by failing to provide Vermont Mutual with timely no-

---

1. Rule 17(c) of the Federal Rules of Civil Procedure requires an infant to sue or defend through a representative, such as a general guardian, committee, conservator, fiduciary, guardian ad litem or next friend. Accordingly, as a minor, Crystal Greenwood is defending this action through her guardian and natural father, Floyd Greenwood, who retained counsel.

The Court also notes that service on Crystal Greenwood was defective. Rule 4(g), which governs service on infants, states that such service "shall be effected in the manner prescribed by the law of the state in which service is made." Fed.R.Civ.P. 4(g). Crystal Greenwood is a resi- dent of North Carolina, and accordingly, Plaintiff should have served her in accordance with North Carolina law. North Carolina rules of civil procedure provide that a minor must be served through her natural parent or guardian, but the Return of Service shows that Crystal Greenwood was not served through her parents or any other representative. N.C.Gen.Stat. § 1A–1, Rule 4 (1990). However, Defendant Greenwood has waived the defective service through her answer and appearance in the case. *See* Fed.R.Civ.P. 12(h)(1); *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 764 (4th Cir.1990).

tice of the incident and failing to forward documents promptly. The letter also informed the Everettes that Vermont Mutual would conduct an investigation and subsequently determine whether it would deny coverage.

On July 20, 1994, Plaintiff Vermont Mutual filed a Complaint for Declaratory Judgment in this Court, requesting this Court to declare that the Everettes are not entitled to coverage under the Vermont Mutual policy for claims arising from the sexual assault. Plaintiff contends that the policy does not require it to defend or indemnify the Everettes because (1) the policy excludes coverage of bodily injury "which is expected or intended by the insured;" (2) Ammie Everette did not give Vermont Mutual written notice of the incident "as soon as practical," as required by the policy; and (3) Ammie Everette did not promptly forward documents relating to the lawsuit, as required by the policy.

Plaintiff moved for default judgment against Ammie Everette and Gary Lee Everette, based on their failure to answer or otherwise defend this action. This Court has found both Ammie Everette and Gary Lee Everette in default and, in a separate order, directed the clerk to enter default judgment against these Defendants.

Both Plaintiff and Defendant Greenwood have filed motions for summary judgment. The parties having submitted written briefs and presented oral argument to the Court, this matter is ripe for decision.

## II. Jurisdiction

### A. Justiciability of the Case in the Absence of the Insured

■ As a threshold matter, this Court must determine whether a case or controversy exists between the injured third party, Crystal Greenwood, and the insurer, Vermont Mutual. If Crystal Greenwood's interests in this case are entirely derivative of the Everette's rights as the insured party, default judgment against the Everettes necessitates a judgment against Crystal Greenwood. On the other hand, if a case or controversy exists between Crystal Greenwood and Vermont Mutual, independent of the Everette's rights under the policy, the Court has jurisdiction to address the substantive issues of this case in the absence of the Everettes.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), the Supreme Court addressed the issue of whether a case or controversy existed between an insurer and an injured third party. An employee of the insured had been involved in an automobile accident with a third party, who brought an action in state court against the insured to recover damages for injuries sustained in the collision. *Id.* at 271, 61 S.Ct. at 511. The insurer then brought an action for declaratory judgment against the insured and the injured third party, alleging that the insurance policy did not cover the vehicle involved in the collision. *Id.* at 270–71, 61 S.Ct. at 510–11. The injured third party demurred to the complaint on the ground that it did not state a claim against him. *Id.* at 271, 61 S.Ct. at 511.

The Supreme Court held that a case or controversy existed between the injured third party and the insurer, and therefore the insurer was entitled seek declaratory relief against the injured third party. *Id.* at 274, 61 S.Ct. at 512–13. The Court emphasized that, under state law, the injured third party was entitled to bring an action against the insurer if he obtained a judgment against the insured, and the judgment remained unsatisfied for thirty days. *Id.* at 273, 61 S.Ct. at 512. State law also allowed the injured third party to perform certain conditions of the policy, such as notifying the insurer of the accident, to prevent lapse of the policy. *Id.*

Citing *Maryland Casualty,* the Fourth Circuit has stated that "a dispute between a liability insurer, its insured and a third party with a tort claim against the insured over the extent of the insurer's responsibility for that claim is an 'actual controversy' within the meaning of the federal Declaratory Judgment Act, even though the tort claimant has not yet reduced his claim against the insured to judgment." *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 375 n. 3 (4th Cir.1994).

Both the Third and Seventh Circuits have applied *Maryland Casualty* to facts nearly identical to the case at bar. Both courts held that when an insured party is dismissed from a declaratory judgment action to determine coverage, the injured third party has standing to remain in the suit and defend the action. *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986); *Hawkeye–Security Ins. Co. v. Schulte,* 302 F.2d 174 (7th Cir.1962).

The Seventh Circuit case of *Hawkeye–Security Insurance Co. v. Schulte* involved a collision between a car owned by the insured, John Schulte, Sr., and driven by his son, John Schulte, Jr., and a car driven by Joseph Ginley. 302 F.2d at 174–75. After Ginley brought an action in state court against the Schultes, Hawkeye–Security Insurance Company filed an action for declaratory relief in federal court, naming the Schultes and Ginley as defendants. *Id.* at 175. The Schultes failed to answer, and the district court entered default judgment against them. *Id.* The court also entered judgment against Ginley, finding that he was a nominal party, and not entitled to any relief in the suit. *Id.* at 175–76. In light of *Maryland Casualty,* the Seventh Circuit reversed the district court. *Id.* at 177. "It would be anomalous to hold here that an actual controversy exists between [the injured third party] and [the insurer] and yet deny [the injured third party] the right to participate in the controversy." *Id.*

In *Federal Kemper Insurance Co. v. Rauscher,* the insurer brought a declaratory action against its insured and the injured third party to determine its obligations under an automobile insurance policy. 807 F.2d at 346. The district court, after entering default judgment against the insured, held that the rights of the injured third party were derivative of the insured's rights, and that the injured third party had no standing to proceed. *Id.* Accordingly, the district court granted summary judgment for the insurer. *Id.* The Third Circuit relied on both *Maryland Casualty* and *Hawkeye–Security* in concluding that a case or controversy existed between the injured third party and the insurer, and the injured third party therefore

had standing to defend the declaratory judgment action. *Id.* at 353.

Similar to the Ohio statute allowing an injured third party to proceed against the insurer, which the Supreme Court found significant in *Maryland Casualty,* Section 38.2–2200 of the Virginia Code allows an injured third party to bring a direct action against an insurer when the injured third party has obtained a judgment against the insured and that judgment remains unsatisfied. Va.Code Ann. § 38.2–2200 (Michie 1994). This statute applies to any policy insuring or indemnifying against liability for personal injuries, death, or property damage. *Id.* Section 38.2–2200 also requires that insurance policies covered by the statute contain a provision stating the right of an injured third party, who holds an unsatisfied judgment against the insured, to bring a direct suit against the insurer. *Id.* The Vermont Mutual policy complies with this provision by stating that "[a]ny person or organization or their legal representative who has secured such judgment or written agreement against the insured shall be entitled to recover under this policy to the extent of the insurance afforded under this policy." Vermont Mutual policy at 6.

Considering the Supreme Court's holding in *Maryland Casualty,* and the decisions of the Fourth, Third, and Seventh Circuits addressed herein, this Court likewise finds that Crystal Greenwood is entitled to remain in this action and defend her interests. The Court emphasizes the significance of Virginia Code section 38.2–2200 in reaching this decision. Absent this statute, Ms. Greenwood would have no recourse against Vermont Mutual, if she obtained a judgment against the Everettes, which judgment they failed to satisfy. The Everettes held no obligation to houseguests to carry homeowner's insurance, nor to file a claim with their insurer, and could have refused to seek indemnification from Vermont Mutual. Therefore, without section 38.2–2200, any interest Crystal Greenwood might have in the Everette's homeowner's policy is entirely derivative of the Everette's rights. Accordingly, if the Everettes chose to seek payment for Crystal Greenwood's injuries, she would be entitled

to those funds up to the amount of her judgment. If they chose not to exercise their rights under the policy, Crystal Greenwood would have no right to compel them to do so. However, section 38.2–2200 provides her with a direct interest in the insurance contract, independent of the Everette's decision to seek indemnification from Vermont Mutual.

For these reasons, the Court finds that an actual controversy exists between Crystal Greenwood and Vermont Mutual, and that she is entitled to defend this action, regardless of the default judgment against the Everettes.

### B. Jurisdiction Under the Declaratory Judgment Act

■ This Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 2201, which provides federal courts with the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201 (1994). Although a federal court has some discretion to decline to entertain a declaratory judgment action otherwise within its jurisdiction, a court may do so only for good reason. *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 375 (4th Cir. 1994). The Fourth Circuit has held that "a federal district court should normally entertain a declaratory judgment action within its jurisdiction when it finds that the declaratory relief sought (i) ' "will serve a useful purpose in clarifying and settling the legal relations in issue," ' and (ii) ' "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " *Id.* (quoting *Aetna Casualty & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937) (quoting E. Borchard, Declaratory Judgments 107–09 (1934))). The Fourth Circuit has also set forth factors which might require a district court to decline to entertain a declaratory judgment action. *See Nautilus Ins. Co.,* 15 F.3d at 376–77. These factors include (1) the general utility of the declaratory relief sought; (2) the strength of the state's interest in having a state court decide the issues raised; (3) whether a state court

can resolve the issues more efficiently; (4) any unnecessary entanglement between the federal and state court systems because of overlapping issues of fact or law; and (5) whether the parties are using the declaratory judgment action for 'procedural fencing,' for example, to provide another forum in a race for *res judicata,* or to obtain a federal hearing in a nonremovable case. *Id.*

In the case at bar, Plaintiff Vermont Mutual seeks a declaration of its obligations to its insured. Undoubtedly, the declaratory relief Plaintiff seeks would be useful in determining the parties' legal relationship and would terminate the issue of whether Vermont Mutual must defend and indemnify the Everettes in the state tort action. Furthermore, none of the factors listed weigh in favor of the Court declining to hear this declaratory judgment action.

■ First, as discussed above, determination of this case will serve the useful purpose of determining Vermont Mutual's obligations to the Everettes. Second, although the substantive issues of this case involve state law, this alone is not sufficient reason for the Court to refuse to decide a declaratory judgment action. *Nautilus Ins. Co.,* 15 F.3d at 378. The Fourth Circuit has stated that when the state law issues presented are not difficult, unsettled or problematic, the state's interest is not sufficiently compelling to weigh against the exercise of federal jurisdiction. *Id.* Determination of this case does not present issues which are especially difficult or problematic. Third, Vermont Mutual has not brought a state court action to determine its obligations, and therefore "it cannot be credibly argued that some yet-to-be instituted action in the state courts offers a 'more effective or efficient' means of resolving the coverage issues presented here." *Id.* at 379. Fourth, no overlapping issues of fact or law exist between this action and the underlying state action between Crystal Greenwood and the Everettes; the state court action involves alleged torts by Gary Lee Everette and Ammie Everette, while determination of this action involves Vermont Mutual's and the Everettes' obligations under the homeowner's insurance policy. Lastly, the Court finds no evidence of any improper procedural

posturing by either of the parties. For these reasons, the parties are entitled to a declaration of their rights under 28 U.S.C. § 2201.

### III. Analysis

The court may grant summary judgment on an issue only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the court reviews the record as a whole and in the light most favorable to the nonmoving party; "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

#### A. Coverage Issues

Because the law of the state where an insurance contract is written and delivered controls as to issues of coverage, Virginia law governs questions of coverage in this dispute. *Buchanan v. Doe*, 246 Va. 67, 70, 431 S.E.2d 289, 291 (1993).

##### 1. Breach of the Policy by the Everettes

 Vermont Mutual alleges that Ammie Everette failed to timely notify the insurance company of the sexual assault. The policy provides that, after an accident or occurrence, the insured must:

> give written notice to us or our agent as soon as is practical, which sets forth:
>
> (1) the identity of the policy and the insured;
>
> (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and
>
> (3) names and addresses of any claimants and witnesses.

Vermont Mutual policy at 14. The question of whether an insured has provided timely notice of an "occurrence" is determined by an objective reasonableness standard. *See Dan River, Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 489, 317 S.E.2d 485, 487 (1984). That is, the insured must notify the insurer "whenever, from an objective standpoint, it should reasonably appear to the insured that the policy may be involved." *Id.*

The sexual assault on Crystal Greenwood occurred in June of 1991. Ms. Everette first contacted Vermont Mutual on November 11, 1992, when she telephoned Carol McLain. Crystal Greenwood contends that Ms. Everette did not realize her homeowner's policy would be involved until Mr. Bane questioned her about the policy on November 11, 1992, and she therefore was reasonable in not notifying Vermont Mutual of this incident until this time.[2] Even assuming that Ms. Everette reasonably failed to realize that her homeowner's insurance was related to the molestation incident, the Court finds that she failed to give timely notice of the incident, for the reasons that follow.

##### (a) adequacy of Ms. Everette's phone call in satisfying the notice provision

The Court finds that Ms. Everette's telephone call to her insurance agent on November 11, 1992 was insufficient to satisfy her obligation under the policy. First, Ms. Everette failed to comply with the requirement of a written notice, as specified in the policy. Additionally, Ms. Everette provided the insurance agent with inaccurate information about the incident, by informing the agent of a sexual assault in August of 1990, not in June of 1991, and by stating that her son had been spending the night when he molested her niece, when, in fact, he resided at her home.

Although the policy required written notice, Defendant argues that oral notice may suffice when an insurance company permits such notice in lieu of written notice. The only support Defendant provides for position is *Hitt v. Cox*, 737 F.2d 421, 425 (4th Cir. 1984), in which the Fourth Circuit upheld the district court's finding that because the in-

---

**2.** Ms. Everette has not appeared in this case, and the Court has entered default judgment against her. *See supra* at 4.

surance company customarily accepted oral notice, it had waived the written notice requirement. Defendant has presented no evidence that Vermont Mutual routinely accepted oral notice, or that it waived its right to written notice.

The information Ms. Everette provided was not in writing, nor was it sufficient regarding the sexual assault, and therefore her phone call failed to satisfy her obligation of notifying Vermont Mutual of the incident.

### (b) timeliness of Ms. Everette's first written notice of the incident

The first time Vermont Mutual received written notice regarding a June 1991 molestation incident was on May 9, 1994, when Ms. Everette forwarded the Motion for Judgment that she received on May 6, 1994. Although timeliness is traditionally a question of fact, the Virginia Supreme Court has held that it may be decided as a matter of law where the facts are undisputed, and when reasonable minds should not differ on the proper inferences deductible from the facts. *Mason & Dixon Lines v. United States Casualty Co.,* 199 Va. 221, 225, 98 S.E.2d 702, 705 (1957); see *Norfolk & W. Ry. v. Accident & Casualty Ins. Co.,* 796 F.Supp. 925 (W.D.Va.1992); *State Farm Mut. Auto. Ins. Co. v. Douglas,* 207 Va. 265, 268, 148 S.E.2d 775, 777 (1966). In this case, the parties do not dispute any of the facts regarding the communications between Ms. Everette and her insurance agent, and reasonable minds should not differ on the proper inferences from these facts. Accordingly, this Court holds that the first written notice of the June 1991 incident, received May 6, 1994, eighteen months after Ms. Everette first learned that her homeowner's insurance might be implicated, and nearly three years after the molestation, was untimely as a matter of law, and constituted a material and substantial breach of the policy.

At the latest, Ms. Everette should have known that her homeowner's policy might cover the sexual molestation on November 11, 1992. Although she did contact her agent, the policy required her to provide written notice of the incident. Additionally, she informed the agent that a molestation occurred in August of 1990, rather than in June of 1991. Once she was aware that her homeowner's policy might cover the molestation, Ms. Everette could have consulted the policy to determine what action it required her to take. Regardless of whether she did not read the policy, or whether she chose to ignore its requirements, Ammie Everette failed to provide proper notice.

### (c) failure of Gary Lee Everette to give notice

The Vermont Mutual policy includes as an "insured" any relative of the named insured, if such relative is living in the named insured's household. Vermont Mutual policy at 1. Thus, as Ammie Everette's son residing in her home, Gary Lee Everette was also an "insured" under the policy at the time of the sexual assault, and could have provided notice. The record does not contain any evidence or allegation that he provided Vermont Mutual with any notice of the molestation. Therefore, Gary Lee Everette also breached the policy's notice provision.

### 2. Vermont Mutual's Obligations Under the Policy

In Virginia, timely notice is a condition precedent to coverage. *Norfolk & W. Ry. v. Accident & Casualty Ins. Co.,* 796 F.Supp. 925, 928 (W.D.Va.1992); *State Farm Fire & Casualty v. Scott,* 236 Va. 116, 372 S.E.2d 383 (1988). Additionally, Virginia law does not require that the insurer show it has been prejudiced by the breach, when the breach is material and substantial. *Norfolk & W. Ry.,* 796 F.Supp. at 928. Because the Everettes substantially and materially breached the policy by failing to provide notice promptly and adequately, and because prompt and adequate notice is a condition precedent to coverage, Vermont Mutual is not obligated to provide coverage to Ammie Everette or Gary Lee Everette for the June 11, 1991, sexual assault of Crystal Greenwood.

Vermont Mutual presents two additional grounds for denying coverage to the Everettes. It contends that Ms. Everette failed to promptly forward suit documents. It also contends that the sexual molestation was an occurrence "expected or intended" by the

insured, and the policy does not cover such occurrences. Because breach of the policy's notice provision alone is sufficient to excuse Vermont Mutual from coverage of the Everettes, the Court does not address these remaining issues.

## B. Notice to Claimant Pursuant to Virginia Code Section 38.2–2226

 The Virginia Code requires that insurers notify injured third parties of their intent to deny coverage because of an insured's breach of a policy within twenty days after discovery of the breach or the claim, whichever is later. Va.Code Ann. § 38.2–2226 (Michie 1994). Failure to timely notify the injured third party results in a waiver of the breach defense, where such failure has prejudiced the claimant's rights. *Maxey v. Doe*, 217 Va. 22, 225 S.E.2d 359 (1976). The purpose of section 38.2–2226 is to furnish prompt notice of the insurer's intent to rely on a breach in defense of a claim under a policy, so that the claimant, a stranger to the

contract, may protect her rights. *Liberty Mut. Ins. Co. v. Safeco Ins. Co.*, 223 Va. 317, 325, 288 S.E.2d 469, 474 (1982).

 Crystal Greenwood alleges that Vermont Mutual failed to comply with this statutory notice requirement, and therefore Vermont Mutual cannot use the Everettes' policy breach as grounds for refusing coverage.[3] Vermont Mutual mailed copies of the reservation of rights letters to Crystal Greenwood's attorney on May 25, 1994, less than twenty days after it learned of both the claim and the breach.[4] Crystal Greenwood argues that Vermont Mutual should have provided her with a subsequent notice, informing her of its final decision on whether it would deny coverage.

Vermont Mutual contends that it is not subject to section 38.2–2226 because the statute requires an insurer to notify an injured third party of denial of coverage, and Vermont Mutual has not yet determined whether it will deny coverage to the Everettes. In

---

**3.** Plaintiff contends that reliance on section 38.2–2226 is an affirmative defense which Defendant waived by failing to raise in her answer. Rule 8(c) of the Federal Rules of Civil Procedure provides:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

Fed.R.Civ.P. 8(c).

Generally, when a party fails to raise an affirmative defense in its answer, it waives the defense. *Menendez v. Perishable Distributors, Inc.*, 763 F.2d 1374, 1378 (11th Cir.1985). However, the majority of federal circuit courts have held that when a defendant raises an affirmative defense in a manner that does not result in unfair surprise to the other party, noncompliance with Rule 8(c) will not result in waiver of the affirmative defense. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993) (in the absence of prejudice, an affirmative defense may be raised for the first time on summary judgment); *Kleinknecht v. Gettysburg College*, 989 F.2d 1360 (3d Cir.1993); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993); *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1444 (10th Cir.1992); *Bull's Corner Restaurant v. Director of Fed. Emergency Management Agency*, 759 F.2d 500 (5th

Cir.1985); *Peterson v. Air Line Pilots Assoc. Int'l*, 759 F.2d 1161, 1164 (4th Cir.1985), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (failure to assert affirmative defense of period of limitations does not automatically lead to waiver; plaintiff must show prejudice or unfair surprise). Although Plaintiff is correct that Defendant failed to comply with Rule 8(c), Plaintiff has not shown any prejudice or surprise whatsoever from Defendant's assertion of section 38.2–2226. In fact, before Plaintiff raised the issue of Plaintiff's noncompliance with Rule 8(c), both parties submitted briefs and presented oral argument to the Court on the issue of whether Plaintiff complied with section 38.2–2226. The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and an opportunity to argue why the defense is inappropriate. *See Blonder–Tongue Labs. v. University of Illinois Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453–54, 28 L.Ed.2d 788 (1971). Plaintiff had ample notice of Defendant's intention to rely on section 38.2–2226, and had the opportunity to argue its position both through its written brief and oral argument before the Court. Thus, the Court finds that Defendant has not waived her right to argue the applicability of section 38.2–2226, despite her failure to raise this affirmative defense in her answer.

**4.** As discussed above, Vermont Mutual's first notice of the June, 1991 incident was on May 9, 1994, when Ammie Everette delivered the motion for judgment to her insurance agent. *See supra* at 14.

fact, Vermont Mutual emphasizes that the very purpose of this action for declaratory judgment is to determine whether it rightfully may deny coverage.

If the statute required an insurer to give notice to a claimant of its final determination that it will deny coverage, Plaintiff is correct in its assertion that section 38.2–2226 has not come into play. As Plaintiff notes, the Everette's entitlement to coverage is the purpose of this action, and Vermont Mutual is awaiting the outcome of this declaratory action to determine whether it will deny coverage.

However, the statute states that the insured must provide notice of its *intent* to deny coverage, not of its final decision. In *Liberty Mutual Insurance Co. v. Safeco Insurance Co. of America*, 223 Va. 317, 288 S.E.2d 469 (1982), the Virginia Supreme Court held that the insurer's telephone call to the claimants' attorney, informing the attorney that the insurer "may or may not insure" satisfied the statute.[5] The court rejected the claimant's argument "that the iffy content of the notice was insufficient.... Safeco should not be penalized for informing the claimants' attorney of the true but uncertain status of the coverage decision at that time." *Id.* at 326, 288 S.E.2d at 475.

Likewise, this Court finds that Vermont Mutual satisfied the section 38.2–2226 by sending "reservation of rights" letters to Ammie Everette and Gary Lee Everette, and by then forwarding copies of these letters to Crystal Greenwood's attorney. The "reservation of rights" letters notified Ms. Greenwood that Vermont Mutual believed the Everettes may have breached the policy, and informed her of the specific breaches Vermont Mutual was investigating. The purpose of the statute is to place the injured third party on notice of the insurer's intent to rely on a breach, and by providing Mr. Bane with copies of the reservation of rights letters, Vermont Mutual clearly accomplished this. The Court therefore finds that Vermont Mutual has complied with section 38.2–2226, and has not waived its right to deny coverage based on the Everettes' breach of the policy.

**5.** *Liberty Mutual* involved Virginia Code Section 38.1–389.1 (1968), the predecessor to section

*IV. Conclusion*

The Court finds, as a matter of law, that the Everettes breached their obligation to promptly and adequately notify Vermont Mutual of the June 11, 1991 sexual assault of Crystal Greenwood. Because the Everettes failed to satisfy a condition precedent to coverage, Vermont Mutual is not obligated to provide coverage for the claims arising out of this incident. Furthermore, the Court finds that Vermont Mutual satisfied Virginia Code section 38.2–2226, and therefore did not waive its right to rely on this breach to deny coverage.

The Clerk is DIRECTED to send a copy of this Opinion and Final Order to all parties and/or counsel of record.

It is so ORDERED.

38.2–2226. Section 38.1–389.1 contained nearly identical language to the current statute.