Virgil Berdeaux et ux.

v.

Lawyers Title Corp.

October 19, 1998

Case No. (Law) 10042

BY JUDGE JOHN J. MCGRATH, JR.

The Court has considered the pleadings, the admissions that have been made, and the various documents that have been filed in this matter.

The basis of the summary judgment is basically on two grounds. The first ground advanced by the defendant is that the plaintiffs had "agreed to the encumbrances" in violation of Paragraph (3) of the policy which excludes from coverage "defects, liens, encumbrances, adverse claims or other matters (a) ... suffered, assumed or agreed to by the insured claimant." The defendant contends there is no factual dispute on this matter because it has been admitted as a matter of record. However, the admission that the defendant relies upon for this exclusion is the deposition of Mr. Berdeaux which was taken in a separate case. The plaintiffs object to the use of the deposition of Mr. Berdeaux, which was taken in the other case, on the grounds that Rule 3:8 of the Rules of the Supreme Court of Virginia and Code § 8.01-420 prohibit the use of deposition testimony (unless agreed to by both of the parties) as the basis of a Motion for Summary Judgment.

The defendant's contention is that this rule and the statute do not prohibit the use of the deposition from another proceeding and that since the plaintiffs admitted to the authenticity of that transcript, it serves merely as an admission made under oath. Although the Court can find no cases directly on point, it appears that even the use of discovery deposition from related or preceding litigation is not permitted under the applicable statute and rule. The Court,

216

therefore, does not believe that the facts concerning whether or not the plaintiffs knew of the easement prior to the purchase are uncontroverted, and the Court declines to enter summary judgment on this ground and will not consider the deposition testimony from the other proceeding in reaching its decision in this case.

The second basis on which the defendant moves for summary judgment is that the encumbrance for the water right-of-way was an encumbrance that was created by the plaintiff subsequent to the date of the policy. The Court has reviewed the documents from the Forest Service, which have been admitted as genuine, and finds that the plaintiffs by obtaining an amendment to the special use permit on March 17, 1993, permitting them to supply water to adjoining landowners have effectively created or resurrected this easement after it had been terminated; therefore, the suit, to the extent that it is based upon the easement for a water right-of-way is precluded by the "Exclusions from Coverage" Provisions of Paragraph (3).

Lastly, the defendant argues that the undisputed facts of record demonstrate that the plaintiffs had failed to notify Lawyers Title promptly in writing when they became aware of the potentially damaging adverse claim, thus prejudicing Lawyers Title's ability to protect its interest, and therefore, they had forfeited coverage under the policy. The defendant's position is based upon Paragraphs (3) and (4) of the Conditions and Stipulations portion of the policy.

The undisputed evidence of record is that the plaintiffs were well aware of the alleged easement for a water right-of-way and for a road right-of-way. The record is manifestly clear that the plaintiffs were aware of the easement problems as early as 1986 and had retained one or more lawyers and law firms to represent their interest. Plaintiffs' lawyers corresponded with various adjoining landowners and the Park Service concerning these easements. In fact, the Plaintiffs brought a legal action against adjoining landowners in the Circuit Court of Rockingham County in 1993 concerning the existence and extent of these very easements.

Upon review of the extensive involvement of the plaintiffs and their attorneys in negotiating with and suing adjoining landowners during the late 1980s and the early 1990s and the fact that written notice was not provided to the insurance company until a letter was sent by the plaintiffs' attorney to the insurance company on February 1, 1994, the Court is of the view that Paragraphs (3) and (4) of the Conditions and Stipulations of the insurance policy which require prompt notice of claim be given to the insurance carrier in writing concerning any loss or damage "within ninety days after such loss shall have been determined," preclude the plaintiff from recovering in this

action. The Court holds pursuant to the reasoning set forth in *Straight v. Creek Processing Co. v. Lawyers Title Ins. Co.*, Civil No. 94-0009-B (W.D. Va. 1995) *aff'd by unpublished mem. opin.* No. 95-1825 (4th Cir. Jan. 31, 1996). *See also, State Farm Fire & Cas. Co. v. Walton,* 244 Va. 498 (1992); and *Vermont Mut. Ins. Co. v. Everett,* 875 F. Supp. 1181 (E.D. Va. 1995).

Therefore, the defendant's Motion for Summary Judgment is granted for the reasons set forth above. It is again noted that the Court has not considered the deposition testimony that was taken in a related lawsuit and has not relied upon Defendant's argument that the Plaintiffs knew of this encumbrance before purchasing the property in reaching this conclusion.